UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20528-CIV-ALTONAGA/BROWN

**FUSILAMP, LLC**

    **Plaintiff**

v.

**LITTELFUSE, INC,
NORBERTO JULIO CHIRKES, and
CATALINA PERFORMANCE ACCESSORIES, INC.**

    **Defendants.**
_____/

## PLAINTIFF FUSILAMP, LLC'S OPPOSITION TO DEFENDANT LITTELFUSE, INC.'S COMBINED MOTION TO DISMISS COUNT V AND MOTION TO STAY THE INSTANT ACTION

COMES NOW the Plaintiff Fusilamp, LLC ("Fusilamp"), by its attorney, and opposes the Combined Motion to Dismiss Count V and Motion to Stay the Instant Action filed by defendant Littelfuse, Inc. ("Defendant"), on the grounds set forth herein.

### INTRODUCTION

This action was filed on February 19, 2010, seeking damages, pursuant to 35 U.S.C §284, for Defendant's patent infringement, pursuant to 35 U.S.C §271 (a), and for its breach of contract.

On or about April 21, the last day to file a response to Fusilamp's complaint, Defendant filed a motion to stay proceedings before this Court based on a not yet evaluated or granted request to the United States Patent and Trademark Office ("USPTO") for reexamination of Fusilamp's US Patent # 5, 598,138 (" '138 Patent").

 

Defendant also moves to dismiss Fusilamp's Count V, namely Breach of Contract, and alleges that this Court lacks of subject matter jurisdiction and Fusilamp lacks standing to sue.  Fusilamp opposes Defendant's motion and asserts that it has standing to sue, Complaint's Count V is valid, and this Court has subject matter jurisdiction.

As of today, Defendant has not filed an answer to Fusilamp's complaint.

As of today, the USPTO has not considered, evaluated, or granted Defendant's request for reexamination of the '138 Patent, and may never do so.

## ARGUMENT

### A.  This Court Should Deny Defendant's Motion To Dismiss Count V Because Fusilamp Has Expressly Asserted Standing To Sue For Breach of Contract And This Court Has Subject Matter Jurisdiction

Defendant mistakenly asserts that Fusilamp does not have standing to sue because it did not assert any rights to the Settlement Agreement originally executed between Fusilamp S.A. and Catalina Performance Accessories, Inc. ("Defendant Catalina"), under the guidance of Magistrate Judge Hon. Andrew J. Peck. Complaint's Exhibit #F.

Defendant failed to read Complaint's #31, whereby Fusilamp declares that on February 5, 2010, Fusilamp Panama, owner of fifty percent (50%) of the '138 Patent, and Miguel Angel Gianelli ("Gianelli"), Alfredo Gianelli, Mariano Gianelli, and Diego Gianelli, collectively owners of the remainder fifty percent (50%), assigned all rights, title and interest, past, present, and future, in and to the '138 Patent to Fusilamp.

Furthermore, Defendant misleads this Court attention to focus on Complaint's #17, namely the owners of the debt as of 2006, when Fusilamp did not exist.  Defendant disingenuously does not mention Complaint's #31, which  states unambiguously that on February 5, 2010 Fusilamp received in assignment the ownership of the '138 Patent,

including all past interests. As stated previously, Fusilamp initiated this legal action against Defendant on February 19, 2010.

Fusilamp Complaint's Exhibit #C shows the recordation of the '138 Patent assignment as of February 8, 2010. A simple verification of the assignment with the USPTO would have evince that the assignment language includes "(2) all income, royalties, and damages hereafter due or payable to Assignors respect to the '138 Patent, including without limitation, damages, and payments for past or future infringements and misappropriations of the '138 Patent: and (3) all rights to sue for past, present and future infringements or misappropriations of the '138 Patent."  See attached Exhibit A.

Fusilamp respectfully requests that this Court should interpret all past rights in and to the '138 Patent stated in its Complaint to include Fusilamp's rights of the money owed by Defendant and Defendant Catalina resulting from '138 Patent license granted by Fusilamp predecessors to Defendant Catalina and its successor defendant Littelfuse.

**B.     This Court Should Deny Defendant Littelfuse's Motion to Stay the Instant Action Because There Were No Patent Re-Examination Proceedings At The Time The Motion Was filed**

Defendant's motion seeks to stay a non-existing administrative proceeding before the USPTO and its motion should be denied based on insufficiency of process.

Should this Court consider Defendant's not yet accepted request for *ex-parte* reexamination of the '138 Patent sufficient grounds to review its motion to stay, Fusilamp opposes the motion and advances the following argument.

Defendant failed to demonstrate that it will suffer any "hardship or inequity in being required to go forward." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

Instead, Defendant relies on three primary arguments in support of its motion. First, Defendant argues that a stay is warranted because the dispute is in its "early stages". Second, Defendant argues that a stay would "allow the full development of the intrinsic record prior to claim construction." Dkt. No. 15 at *10. Third, Defendant argues that Fusilamp would not be unduly prejudiced because no injunction was sought. Defendant's arguments lack merit.

Defendant's assertion that the *ex-parte* reexamination will narrow the issues in this case is speculative at best and disingenuous at worst. Defendant apparently hopes for a scenario where sometime in an undetermined year, after the '138 Patent has been dragged through the USPTO, Appellate Courts, and finally determined to be valid over prior art references presented in the *ex-parte* reexamination, Defendant will retry the validity of the '138 Patent in front of this Court. Defendant is seeking two opportunities to prove the '138 Patent invalid all while continuing to infringe Fusilamp's currently valid patent.

**I.     Background**

Defendant would have this court believe that the dispute started on February 19, 2010 with the filing of the Complaint in this civil action. But, there is much more to the story.

On April 6, 2006, Defendant Catalina notified Fusilamp's predecessor in interest, Fusilamp S.A., that intends to commence an infringement suit against Defendant pursuant the '138 Patent. Complaint Ex. #G.

On June 1, 2006, Joseph Gilker ("Gilker"), Defendant Catalina's president, offered to buy all of the Gianelli's interest in the '138 Patent for fifty thousand dollars ($50,000).

INTELLECTUAL PROPERTY BUSINESS CONSULTANTS, PLLC                    Page 4 of 13

www.themindharvesters.com    (305) 720-2080

Complaint Ex. #I. Less than two weeks later, Defendant announced that it would acquire Defendant Catalina for four million five hundred thousand dollars ($4,500,000) in cash. Complaint Ex. #J.

Although Defendant now argues that the '138 Patent is invalid, Defendant officially paid four million five hundred thousand dollars ($4,500,000) to acquire Defendant Catalina, primarily because of its ownership of a license to the '138 Patent, and it now alleges it is not valid. This is the same Defendant Catalina that two weeks prior to the sale to Defendant offered Plaintiff's predecessors fifty thousand dollars ($50,000) for the '138 Patent.

Additionally, Defendant and Defendant Catalina have been well aware of, and have practiced, the '138 Patent at least since July 16, 2001. Since July 2006, Defendant has failed to make contractually obligated royalty payments and was notified in January 2010 of a demand for royalties in arrears or have the '138 Patent license terminated. For the better part of 2009, Gianelli, Fusilamp's manager, held unfruitful negotiations with Defendant. Defendant knew that this law suit was imminent, but before initiation of the current suit, Defendant requested an *ex-parte* reexamination of the '138 Patent in a deceptive effort to delay and preempt any infringement suit that may have been brought.

## II.   Argument

In the interest of fairness and due process, and under the precedent of this Court, Defendant's motion to stay should be denied. Fusilamp has a right to a just and speedy trial. Fed. R. Civ. P. 1. "[T]he Court must be aware that a request for [re]examination can be used as a tactical tool to delay a case and impose costs, with no real expectation that any

controversy will be resolved." *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 615 (E.D. Tex. 2007). Defendant's conduct demonstrates that its motion to stay pending *ex-parte* reexamination is nothing more than an attempt to delay the inevitable, without any realistic expectation that the issues raised by this action will be meaningfully narrowed or eliminated.

The unmet burden to show a need for the pressing delay is squarely on the moving party. The Supreme Court has held that a party moving "for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). District Courts may use discretion over their dockets, but there is absolutely no obligation "to stay judicial resolution in view of [Patent Office] reexaminations." *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). A court is under no obligation to delay its own proceedings by yielding to ongoing USPTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze. *See NTP, Inc. v. Research In Motion, Ltd.*, 397 F. Supp. 2d 785, 787 (E.D. Va. 2005) (citing *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). There is no per se rule that patent cases should be stayed pending reexaminations, because such a rule "would invite parties to unilaterally derail" litigation. *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

This Court has focused on three primary factors when determining whether to grant a stay pending reexamination: (1) whether discovery is complete and a trial date has been

set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Roblor Mktg Group, Inc. v. GPS Indus., Inc.*, 633 F. Supp 2d 1341, 1347 (S.D. Fla. 2008).

### A. The Stage of Litigation Does Not Favor a Stay

This case may be in its relatively early stages, but this fact alone does not favor a stay. *See Sighting Sys. Inst., LLC v. Prestige Law Enforcement, Inc.*, U.S. Dist. LEXIS 64698, at *11 (N.D. Tex. Sept. 11, 2006) ("Although the advanced nature of a case approaching trial may weigh heavily against granting a stay, the opposite inference—that a suit in the early stages should weigh heavily in favor of a stay—is not true."); *see also Biax Corp. v. Fujitsu Computer Sys. Corp.*, 2007 U.S. Dist. LEXIS 12973, at *6 (denying a stay where the case was in its early stages).

A rule holding otherwise would encourage patent infringers so obviously intent on gaming the patent system to secure an indeterminately lengthy reprieve from accounting for their infringing activities simply by filing a quick request for reexamination with the USPTO. This type of ruling would encourage gamesmanship and allow a defendants' infringing behavior to be abated as a matter of course during reexamination. Additionally, granting a motion to stay solely because of Defendant's requested, but the USPTO has not yet granted, the reexamination of a patent could cause the reexamination process to evolve into an "administrative" proceeding that had to be completed before a patent infringement suit could move forward.

The Court has already set a detailed case schedule, including a Claim Construction hearing and a Trial Date.  Scheduling Order Dkt. No. 13

Even though some judicial resources may be conserved, the Court should not wait for the USPTO reexamination of the '138 Patent.  Reexamination proceedings can take several years, and eventually the Federal Circuit will be the ultimate decision-maker.  The most effective way to utilize judicial resources would be to allow dual proceedings to continue and then let the Federal Circuit make the determination in a consolidated appeal.

### B.  A Stay Would Not Simplify The Issues at Trial

Contrary to Defendant's assertions, there is no reason to believe that granting its motion will result in simplifying the issues at trial.  Defendant states that requests for *ex-parte* reexaminations are frequently granted by the Patent Office, as if that fact alone indicates that the '138 Patent will ultimately be cancelled.  The USPTO has not even granted Defendants' request for *ex-parte* reexamination and even if the request is granted, that fact alone is meaningless in predicting the eventual outcome.

"To truly simplify the issues…the outcome of the reexamination must finally resolve all issues in the litigation."  *Yodlee, Inc. v. Ablaise, Ltd.*, 2009 WL 112857, *4 (N.D. Cal. Jan 16, 2009).  According to the USPTO, *ex-parte* filing statistics current as of March 31, 2010, although 92% of requests are granted, only a miniscule 11% of certificates cancel all claims and an unimpressive 65% of certificates even change the claims at all.  *See Ex-Parte* Reexamination Filing Data – March 31, 2010, available at http://www.uspto.gov/patents/stats/EP_quarterly_report_Mar_31_2010.pdf.

The USPTO's own statistics indicate that the claims are unlikely to change and will certainly not resolve "all issues in the litigation." Therefore, even if the USPTO grants Defendant's request for reexamination, the patent is completely valid until final resolution of the issues on appeal and the issues at trial would not be simplified.

### C. A Stay Would Cause Prejudice and Tactical Disadvantage to Fusilamp

The stay requested by Defendant would likely delay Fusilamp's right to have its claims heard until after the life of the '138 Patent has expired. Such a lengthy delay, on its face, presents a clear case of substantial prejudice. Fusilamp's right to exclude would be essentially eviscerated. Practical concerns of lost evidence, fading memories, and even deceased parties, witnesses and chosen trial counsel become very real over such a period of time. Further, this Court, rather than the USPTO, is better suited to resolve the validity issues presented by Defendant's *ex-parte* reexamination request due to the lack of discovery tools and limited fact finding ability of the USPTO.

In addition to the unlikelihood that the claims of the '138 Patent will change, the average reexamination pendency is 25.4 months with the possibility of an additional 24 months of appellate review. *See Ex-Parte* Reexamination Filing Data – March 31, 2010.

The '138 Patent is set to expire on Jan 3, 2015. A stay is likely to delay resolution of this issue well beyond the expiration of the patent. Every passing day where Defendant continues to infringe the '138 Patent inflicts more economic damage on Fusilamp.

Fusilamp will suffer additional economic damage as Defendant continues to infringe the '138 Patent and Fusilamp will be unable to assert its right to exclude for the few remaining years in the life of the '138 Patent. If this issue were resolved swiftly,

Fusilamp may continue to license the '138 Patent invoking its exclusive right. Based on the USPTO's statistics, **<u>Defendant is effectively asking this Court to delay this action by 4 years or more.</u>**

Defendant argues that the harm to Fusilamp caused by delay would be entirely reparable by money damages. The United States Supreme Court, however, has explicitly rebutted this consideration in *eBay, Inc. v. MercExchange*, which recognized that individual inventors may be able to meet the test for an injunction, including establishing irreparable harm:

> some patent holders, such as university researchers or self-made inventors might reasonably prefer to license their patents, rather than undertake efforts to secure the financing necessary to bring their works to market themselves. Such patent holders may be able to satisfy the traditional four-factor test and we see no basis for categorically denying them the opportunity to do so.

547 U.S. at 393. The stay requested by the Defendant essentially eliminates Fusilamp's right to exclusivity and effectively grants Defendant a license for the remainder of the life of the '138 Patent. A thinly capitalized company without great resources like Fusilamp would be severely prejudiced by a delay that could drag this litigation out for the better part of a decade.

Defendant Catalina, and its successor Defendant Littelfuse, have practiced the '138 Patent since at least July 16, 2001 and, upon belief and Defendant Catalina's manifestation, has even defended the patent against infringement in a suit separate from the one here. Defendant can simply not be allowed to assert that the '138 Patent was valid and infringed in one suit, flip-flop, and now be allowed to argue that the '138 Patent is invalid. Justice

would be best served by addressing any contingency as a result of reexamination when and if it occurs as opposed to indefinitely staying the case pending reexamination.

## CONCLUSION

For the foregoing reasons, Fusilamp respectfully request this Court to deny Defendant's Motion to dismiss Fusilamp Complaint's Count V and to deny Defendant's motion to stay this case pending USPTO's reexamination of the '138 Patent.



## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so.

Dated this 4th day of May, 2010.

Respectfully submitted,

By: _/ Mario S. Golab/_

Attorney for Fusilamp, LLC

INTELLECTUAL PROPERTY
BUSINESS CONSULTANTS, PLLC.
MARIO S. GOLAB, Esq.
Florida Bar No. 0684878

ADR/Litigation Department
1413 Santa Cruz Ave
Coral Gables, Florida 33134
☎ (305) 720-2080
🖰 drgolab@themindharvesters.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing Plaintiff Fusilamp, LLC's Opposition To Defendant Littelfuse, Inc.'s Combined Motion To Dismiss Count V And Motion To Stay The Instant Action was served in the manner indicated below:

Via ECF to:

>Jonathan B. Morton, Esq.
>
>K & L Gates, LLP
>Counsel for Littelfuse, Inc.
>Wachovia Financial Center
>200 S. Biscayne Blvd, Suite 3900
>Miami, FL 33131-2399
>(305) 539-3357
>jonathan.morton@klgates.com

on this 4th day of May, 2010.

>\_\_\_\_/Mario S. Golab/\_\_\_\_\_
>
>Attorney for Fusilamp, LLC
>
>INTELLECTUAL PROPERTY
>BUSINESS CONSULTANTS, PLLC.
>MARIO S. GOLAB, Esq.
>Florida Bar No. 0684878
>
>ADR/Litigation Department
>1413 Santa Cruz Ave
>Coral Gables, Florida 33134
>☎ (305) 720-2080
>🖱 drgolab@themindharvesters.com

 
 
