UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20528-CIV-ALTONAGA/BROWN

**FUSILAMP, LLC**

    **Plaintiff**

**v.**

**LITTELFUSE, INC,
NORBERTO JULIO CHIRKES, and
CATALINA PERFORMANCE ACCESSORIES, INC.**

    **Defendants.**
_____/

**PLAINTIFF FUSILAMP, LLC SUR-REPLY IN OPPOSITION TO DEFENDANT LITTELFUSE'S MOTION TO DISMISS COUNT V AND STAY THE INSTANT ACTION, OR, IN THE ALTERNATIVE, LEAVE TO AMEND COMPLAINT**

COMES NOW the plaintiff Fusilamp, LLC ("Fusilamp"), by its attorney, and submits its sur-reply to Defendant Littelfuse, Inc's ("Littelfuse") reply in support to its motions to dismiss Count V of plaintiff's complaint for lack of subject matter jurisdiction and to stay the entire case.

## INTRODUCTION

Fusilamp has shown that it maintains a sufficient interest in the Settlement Agreement that is the foundation of its Count V, breach of contract claim. Fusilamp has subject matter jurisdiction and standing to sue Littelfuse for breach of contract because along with title to the United States patent # 5,598,138 ("'138 Patent"), the patent assignment agreement conveyed all rights pursuant the Settlement Agreement to Fusilamp.

 

The patent assignment agreement has already been submitted to the Court as an attachment to its Opposition to Defendants' motion. Dkt. # 17-1.

Fusilamp has also shown that a Stay pending e*x-parte* reexamination is not warranted. Even the granting of Defendant's request for e*x-parte* reexamination serves as nothing more than a delay tactic as it is impossible to predict whether the reexamination will further judicial economy or reduce costs, but it is certain to delay justice, akin to denying justice, and prejudice Fusilamp.

## ARGUMENT

### A. Fusilamp Has Asserted Standing To Sue and This Court Has Subject Matter Jurisdiction

Fusilamp has already shown its right to royalty payments under the Settlement Agreement conveyed to Fusilamp in the '138 Patent assignment under which it seeks damages. Defendants assert that "[n]owhere does Fusilamp, LLC allege that it was … assigned any rights in the Settlement Agreement." Dkt. #18 at *3. Defendants have grossly misstated Fusilamp's position. Fusilamp explicitly quoted (and included as an attachment) in its Opposition that the patent assignment agreement **assigns to Fusilamp** "(2) **all** income, **royalties**, and damages hereafter due or **payable to Assignors [with] respect to the '138 Patent**, including without limitation, damages, and payments for **past or future** infringements and misappropriations of the '138 Patent" (emphasis added). Dkt. # 17 at *3; Dkt. #17-1 at *1. The plain language reading of the contractual language shows that the Gianellis and Fusilamp Panama had explicitly conveyed their right to royalty payments to Fusilamp, LLC. Defendant's nonsensical refusal to acknowledge the specific



language in the assignment is nothing more than a delay tactic showcasing their defense strategy of throwing attacks and seeing what sticks.

The Settlement Agreement was executed in the Southern District of New York and Courts in that District have already been presented with the issue of whether "relevant agreements transferred the right to sue for unpaid royalties." *Carotek, Inc. v. Kobayashi Ventures, LLC*, 2010 WL 1640190 at *4 (S.D. N.Y. April 12, 2010). In *Carotek*, the Court concluded that it was "clear" that the agreement "transferred the right to sue for unpaid royalties when it conveyed "the full and exclusive right, title and interest in and to" the patents at issue including "all license agreements and **other entitlements to receive royalties**" with respect to the patents (emphasis added). *Id*. The contractual language in *Carotek* is surely similar to the language in the current patent assignment. The Court need not look any further than a plain language reading to determine that the Gianellis and Fusilamp Panama conveyed their right to royalty payments under the Settlement Agreement to Fusilamp, LLC in the '138 Patent assignment. As such, Fusilamp, LLC has subject matter jurisdiction and standing to sue for breach of contract.

In the event that this Court finds that Fusilamp, LLC does not have standing to sue, Plaintiff, in the alternative, respectfully requests the Court to grant leave to amend Complaint to add additional plaintiffs.

### B. The Court Should Not Stay the Case Pending Reexamination

Defendant's request for a Stay pending *ex-parte* reexamination should be denied as it is nothing more than a tactical tool being used to delay the case and impose additional

litigation costs on Fusilamp, with no real expectation that any issues will be resolved. Defendant's claim that there is a "liberal policy" and that cases are "routinely stayed" pending *ex-parte* reexaminations in this District. Dkt. # 18 at 4.   Defendants fail to mention, however, that this District's alleged custom, is not a hard and fast rule. Regardless of how this District may have ruled in the past, this Court is under no obligation to yield to USPTO reexamination proceedings.  *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001); *Alps South, LLC v. The Ohio Willow Wood Co.*, No. 08-cv-1893-T-33MAP, slip op. at 2 (M.D. Fla. Feb 11, 2010) (denying motion to stay); see also *Enpat v. General Electric*, No. 6:08-cv-1895-ORL -31KRS, slip op. at 1-2 (M.D. Fla. Feb. 27, 2009) (Doc. 24) (denying stay).

Defendant also attempt to emphasize that this lawsuit was filed after the *ex-parte* reexamination request, but fails to mention that the reexamination request was made after Fusilamp's demand for royalties in arrears.  The Defendant knew that this lawsuit was imminent, and as a result, requested an *ex-parte* reexamination of the '138 Patent in a misleading effort to delay and preempt any infringement suit that may have been brought and avoid paying royalties due to Fusilamp.  Defendant failure to make light of this fact is disingenuous and further exemplifies its strategy of throwing blind attacks and seeing what sticks.

Defendant cites several District Court cases from all over the country that have granted stays before the USPTO has granted an *ex-parte* reexamination.  Dkt. # 18 at *7-8. Other District Courts and the Federal Circuit, however, have recognized that a stay is premature where, as here, requests for reexamination have not been granted by the USPTO.

*Ethicon, Inc., v. Quigg*, 849 F.2d 1422, 1424 (Fed. Cir. 1988) (noting that the district court denied a request to stay litigation where the request was filed before the USPTO granted the reexamination); *Heinz Kettler GmbH & Co. v. Indian Industs., Inc.*, 592 F.Supp. 2d 880, 882 (E.D. Va. 2009) ("Because [defendant's request for reexamination is still pending, a stay is premature. Put simply, at this juncture, a stay of this litigation is inappropriate."); *Borgwarner, inc. v. Honeywell Intern., Inc.*, No. 07-cv-184, 2008 WL 818934, at *1 (W.D. N.C. Mar. 24, 2008); *Genoa Color Techns., Ltd. V. Samsung Electronics Am., Inc.* No. 07-cv-6233, 2008 WL 754681, at *1 (S.D. N.Y. Mar. 12, 2008; *DUSA Pharm., Inc. v. River's Edge Pharm., LLC*, No. 06-1843, 2006 WL 1320049, at *2 n.1 (D. N.J. May 15, 2006 (denying motion to stay as premature because the USPTO had yet to grant the request for reexamination). Defendant fails to find support for its position in this District or at the Federal Circuit. Fusilamp, on the other hand, has shown that a stay is not warranted.

A stay would neither simplify the issues nor lessen the burden of litigation, quite the opposite, it will deny Plaintiff its constitutional right to enforce its exclusionary right derived from its '138 Patent. The reexamination may even complicate, rather than simplify issues by creating additional prosecution history estoppels and disavowal arguments that must be addressed during claim construction. *Roy-G-Biv Corp. v. Fanuc Ltd.*, 2009 WL 1080854 at *2 (E.D. Tex. 2009). Defendant Littelfuse has done nothing more than proffer "oft-cited reexamination statistics and generic judicial efficiency arguments." *Id*. These arguments will simply not carry the day. Defendant has undoubtedly failed to show how a stay would simplify the issues for trial.

## **CONCLUSION**

For the foregoing reasons, Fusilamp respectfully request this Court to deny Defendant Littelfuse's Motion to dismiss Fusilamp Complaint's Count V, in the alternative to grant Fusilamp leave to amend its Complaint and add additional plaintiffs; and to deny Defendant Littelfuse's motion to stay this case pending USPTO's reexamination of the '138 Patent.



## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so.

Dated this 27th day of May, 2010.

                                                 Respectfully submitted,

                                                 By:   / Mario S. Golab/

                                                 Attorney for Fusilamp, LLC

                                                 INTELLECTUAL PROPERTY
                                                 BUSINESS CONSULTANTS, PLLC.
                                                 MARIO S. GOLAB, Esq.
                                                 Florida Bar No. 0684878

                                                 ADR/Litigation Department
                                                 1413 Santa Cruz Ave
                                                 Coral Gables, Florida 33134
                                                 ☎ (305) 720-2080
                                                 drgolab@themindharvesters.com



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing Plaintiff Fusilamp, LLC Sur-Reply In Opposition To Defendant Littelfuse's Motion To Dismiss Count V And Stay The Instant Action, or, In The Alternative, Leave To Amend Complaint was served in the manner indicated below:

Via ECF to:

> Jonathan B. Morton, Esq.
>
> K & L Gates, LLP
> Counsel for Littelfuse, Inc.
> Wachovia Financial Center
> 200 S. Biscayne Blvd, Suite 3900
> Miami, FL 33131-2399
> (305) 539-3357
> jonathan.morton@klgates.com

on this 27th day of May, 2010.

> ____/Mario S. Golab/_____
>
> Attorney for Fusilamp, LLC
>
> INTELLECTUAL PROPERTY
> BUSINESS CONSULTANTS, PLLC.
> MARIO S. GOLAB, Esq.
> Florida Bar No. 0684878
>
> ADR/Litigation Department
> 1413 Santa Cruz Ave
> Coral Gables, Florida 33134
> ☎ (305) 720-2080
> 🖱 drgolab@themindharvesters.com

 
