**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 10-20528-CIV-ALTONAGA/BROWN**

**FUSILAMP, LLC and**
**FUSILAMP S. A.,**

      **Plaintiffs,**

**v.**

**LITTELFUSE, INC,**
**NORBERTO JULIO CHIRKES,**
**CATALINA PERFORMANCE ACCESSORIES, INC.**
**ADVANCE AUTO PARTS, INC,**
**AUTOZONE, INC., and**
**THE PEP BOYS-MANNY, MOE & JACK, INC.,**

      **Defendants.**
_____/

**PLAINTIFF'S  SECOND AMENDED COMPLAINT FOR**
**PATENT INFRINGEMENT, DECLARATORY JUDGMENT,**
**BREACH OF CONTRACT AND FALSE MARKING**

Plaintiffs, Fusilamp, LLC and Fusilamp S. A., by and through its attorneys, Intellectual Property Business Consultants, PLLC, file this Amended Complaint for Patent Infringement, Declaratory Judgment, Breach of Contract, and False Marking, against defendants Littelfuse, Inc., Norberto Julio Chirkes, Catalina Performance Accessories, Inc., Advance Auto Parts, Inc., Autozone, Inc. and The Pep Boys – Manny, Moe & jack, Inc., and in support thereof state as follows:



## JURISDICTION AND VENUE

1. The Court has original jurisdiction over this matter under the provisions of 28 U.S.C. § 1331, because it is civil actions arising under the Constitution, laws, or treaties of the United States.

2. This is an action for patent infringement brought pursuant to 35 U.S.C. §271, and 35 U.S.C. §284.

3. This is also an action for declaratory judgment brought pursuant to 28 U.S.C. §§ 2201 and 2202, to declare the rights and other legal relations surrounding questions of actual controversy which presently exist between Fusilamp, LLC and the above-named defendants.

4. This is also an action for breach of contract and damages that exceeds $15,000.

## VENUE

5. Venue for this action is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1400 (b) in that defendants Catalina Performance Accessories, Inc., Littelfuse, Inc., Advance Auto Parts, Inc., Autozone, Inc., and The Pep Boys – Manny, Moe & jack, Inc., are all business entities organized under the laws of the States of Arkansas, Delaware, Virginia, Tennessee, and Pennsylvania, respectively, that all defendants do regular business activities in Miami-Dade County, Florida, and the facts giving rise to the controversy between the parties arose in Miami-Dade County, Florida.   Action is proper against

defendant Norberto Julio Chirkes, an individual alien citizen of Argentina, pursuant to 28 U.S.C. §1391 (d).

## PARTIES

6.  Plaintiff Fusilamp, LLC ("Fusilamp USA"), is a limited liability company organized under the laws of the State of Florida and its principal place of business is 7891 West Flagler Street, Miami, FL 33144, County of Miami-Dade, Florida.

7.  Plaintiff Fusilamp S. A. ("Fusilamp Panama") , is a corporation organized under the laws of the Republic of Panama and has its principal place of business at Torre Swiss Bank 2do piso, Calle 53 Este, Marbella, Ciudad de Panama, Panama.

8.  Upon information and belief, defendant Littelfuse, Inc. ("Littelfuse") is a publicly trading corporation organized under the laws of the State of Delaware, has a principal place of business at 8755 West Higgins Road, Suite 500, Chicago, IL 60631, and has agents and distributors in Miami-Dade County, Florida.

9.  Upon information and belief, defendant Norberto Julio Chirkes ("Chirkes") is an individual, citizen of Argentina, who has his principal residence at Arcos 2869/71, 5 piso, depto. B, Buenos Aires, C1429, Argentina, that frequently travels to Miami-Dade County, Florida.

10. Upon information and belief, defendant Catalina Performance Accessories, Inc. ("Catalina") is a corporation organized under the laws of the State of Arkansas, has

a principal place of business at 9222 North Hwy 71, Mountainberg, AR 72946, that has agents and distributors in Miami-Dade County, Florida.

11. Upon information and belief, defendant Advance Auto Parts, Inc. ("AdvanceAuto"), is a corporation organized under the laws of the State of Virginia, has a principal place of business at 5008 Airport Rd. Roanoke, VA 24012, and operates over three thousand four hundred (3,400) retail stores, of which at least one retail store is in Miami-Dade County, number 9354, at 4380 SW 8th Street, Miami, FL 33134.

12. Upon information and belief, defendant Autozone, Inc. ("AutoZone"), is a corporation organized under the laws of the State of Tennessee, has a principal place of business at 123 Front Street, Memphis, TN 38103 and operates over four thousand (4,000) retail stores, of which at least one retail store is in Miami-Dade County, number 5240, at 6010 SW 8th Street, West Miami, FL 33144.

13. Upon information and belief, defendant The Pep Boys - Manny, Moe & Jack, Inc. ("Pep Boys"), is a corporation organized under the laws of the State of Tennessee, has a principal place of business at 3111 West Allegheny Avenue, Philadelphia, PA 19132 and operates over five hundred and eighty (580) retail stores, of which at least one retail store in Miami-Dade County, number 167, at 211 NW 82nd Avenue, Miami, FL 33126.

## COMMON FACTUAL ALLEGATIONS

14. On January 3, 1995, the United States Patent and Trademark Office ("USPTO") grants Mr. Joseph P. Jaronczyk, Jr. ("Inventor") United States patent No. 5,598, 138, titled Fault-Indicating Blade Fuse, ("'138 Patent"). The '138 Patent is a

fault-indicating blade fuse, which includes a light-emitting electrical device that is positioned for ready visibility from above the fuse. The device lies within the bounds of the upper body profile of the fuse and it is so constructed and connected as to be activated upon fusion of the link, when the fuse is subjected to excessive current.   In one form, a supplemental component contains a light-emitting electrical device and includes means for affixing it to the upper body portion of a fuse.  Contact elements on the supplemental component establish electrical contact with the blades of the assembled fuse.  A true and correct copy of the '138 Patent is attached as Exhibit A.

15. On or about October 2, 2000, Inventor sells and assigns all rights, title and interest in and to the '138 Patent in equal parts to Mr. Miguel Angel Antonio Gianelli ("MA-Gianelli"), an individual citizen of Argentina, and to Chirkes, who acquires, for good and valuable consideration the '138 Patent.  Exhibit B.

16. On October 26, 2000, the '138 Patent assignment is recorded with the USPTO. See Exhibit C.

17. On, or about, December 15, 2000, Defendant Catalina filed with the USPTO an application for the registration of the mark: SMARTGLOW FUSE$^{TM}$, that matured into a trademark on September 24, 2002, serial #76181671.   See Exhibit N.

18. On or about September 18, 2001 Chirkes signs a contract for the sale of all remaining ownership rights, title and interest in and to the '138 Patent to Fusilamp Panama.  See Exhibit D.

 

19. On or about November 14, 2001, Chirkes assigns his fifty percent (50%) ownership interest in the '138 Patent to Fusilamp Panama, for good and valuable consideration received, and the transaction is recorded as a Patent Assignment in the USPTO on November 13, 2002.  See Exhibit C.

20. On or about November 21, 2001 MA-Gianelli assigns his fifty percent (50%) ownership rights, title and interest in and to the '138 Patent in equal parts to Mr. Alfredo Eduardo Gianelli ("AE-Gianelli"), an individual citizen of Argentina, to Mr. Mariano Gianelli ("M-Gianelli"), an individual citizen of Argentina, and to Mr. Diego Gianelli ("D-Gianelli"), an individual citizen of Argentina, collectively "the Gianellis", and the transaction is recorded as a Patent Assignment in the USPTO on July 15, 2003.  See Exhibit C.

21. On or about October 18, 2002, Chirkes signs a contract with Catalina, and declares that he was the owner of fifty percent (50%) of the '138 Patent, and grants Catalina an exclusive license rights to manufacture, market, distribute, sub-license, and otherwise exploit the '138 Patent and any innovations or refinements thereof for the useful life of the patent.  See Exhibit E.

22. On October 10, 2003, before Magistrate Judge Hon. Andrew J. Peck, United States District Court, Southern District of New York, Case # 03 Civ.3497 (LAK), Fusilamp Panama and Catalina reach a settlement binding contractual agreement ("Settlement Agreement") that grants Catalina an exclusive license to the '138 Patent, for the term of the patent, in exchange for a monthly royalty payment of nine thousand five hundred dollars ($9,500.00), or five thousand dollars ($5,000.00) if

Fusilamp Panama is not successful in obtaining a declaratory judgment that it, and not Chirkes, is the sole owner of the '138 Patent.  See Exhibit F.

23. On or about January 13, 2005, the Gianellis grant Catalina an exclusive license to the '138 Patent and the transaction is recorded as a License Agreement Exclusive in the USPTO on January 27, 2005.  See Exhibit C.

24. On February 1, 2005, Joseph Gilker, Esq. ("Gilker"), Catalina's president, acting as its corresponding attorney, records with the USPTO the exclusive license granted by Chirkes.  See Exhibit C.

25. On April 6, 2006, Gilker, as president of Catalina, notifies, via fax and express mail, to MA-Gianelli, giving a contract stipulated sixty days notice, that Catalina intends to commence a '138 Patent infringement suit against Littelfuse and states that Catalina has spent fifteen thousand dollars ($15,000) in attorney fees.  Gilker further states that any contractual royalties due the Gianellis will be withheld heretofore to offset litigation cost incurred and expected.  See Exhibit G.

26. On April 26, 2006, Gilker corresponds with MA-Gianelli and instructs him not to contact directly Littelfuse and indicates that the patent infringement suit Catalina intends to pursue will cost above four hundred thousand dollars ($400,000).  In the same letter Gilker indicates that he will not provide the Gianellis' attorneys information as to Littelfuse infringement.  See Exhibit H.

27. On or about June 1, 2006, Gilker offers to buy all interest of the Gianellis in the '138 for fifty thousand dollars ($50,000).  See Exhibit I.



28. On June 1, 2006 Catalina makes its last contract stipulated royalty payment to the Gianellis.

29. On June 13, 2006, Littelfuse announces that it will acquire Catalina for four million five hundred thousand dollars ($4,500,000) in cash.  See Exhibit J.

30. On June 26, 2006, Littelfuse announces it has completed the previously disclosed acquisition of Catalina for $4.5 million in cash.

31. On July 1, 2006, Catalina fails to pay the Gianellis the contract stipulated royalty payment.

32. On July 11, 2006 Littelfuse wire transfers five thousand dollars ($5,000) to the Gianellis.  The Gianellis return the unsolicited funds to Littelfuse.  Neither Catalina nor Littelfuse do make further payments to the Gianellis.

33. On, or about, October 26, 2006, Catalina assigned the entire interest in and about the trademark SMARTGLOW FUSE[TM], serial #76181671, to Littelfuse.   See Exhibit N.

34. On January 15, 2010, Fusilamp Panama demands in writing that Littelfuse and Catalina pay royalties in arrears and gives them a Settlement Agreement stipulated five (5) days notice to cure or have the '138 Patent license terminated heretofore.  See Exhibit K

35. On January 25, 2010, Fusilamp Panama notifies Littelfuse and Catalina that their exclusive license to the '138 Patent is heretofore terminated.  See Exhibit L.

www.themindharvesters.com     ☎     (305) 720-2080

36. On January 26, 2010, Catalina's license to the '138 Patent is released and the release is recorded with the USPTO.  See Exhibit C

37. On February 5, 2010, Fusilamp Panama, owner of fifty percent (50%) of the '138 Patent, and the Gianellis, collectively owners of the remainder fifty percent (50%), assign all rights, title and interest, past, present, and future, in and to the '138 Patent to Fusilamp USA.

38. On February 16, 2010 Littelfuse notifies the undersigned attorney that it does not intend to honor the obligations contracted with the acquisition of Catalina and does not wish any further contacts with Plaintiff.  See Exhibit M.

<u>**COUNT   I**</u>

<u>**DECLARATORY JUDGMENT**</u>

<u>**AGAINST DEFENDANT NORBERTO JULIO CHIRKES**</u>

39. Plaintiffs repeat and incorporate paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. Chirkes had sold all his ownership rights, title, and interest in and to the '138 Patent to Fusilamp Panama, and these patents rights are now fully owned by Plaintiffs.

41. After selling all his ownership rights, title, and interest in and to the '138 Patent, Chirkes wrongfully licensed the '138 Patent to Catalina.

42. Chirkes had actual notice that he had not ownership rights, title, or interest in and to the '138 Patent at the time he wrongfully licensed it to Catalina.

INTELLECTUAL PROPERTY BUSINESS CONSULTANTS, PLLC            Page 9 of 27

 www.themindharvesters.com    ☎ (305) 720-2080

43. Chirkes unjustly benefited from royalties and continues to obtain pecuniary rewards from the wrongful license of the '138 Patent to Catalina.

44. Chirkes continues to falsely represent himself as possessing rights to the '138 Patent.

45. Because of Chirkes's wrongful claims to ownership of the '138 Patent, Plaintiff is entitled, under 28 U.S.C. §2201 and requests a judgment of this Court declaring that Plaintiff is the rightful and sole owner of the '138 Patent, together with costs and reasonable attorney fees, at the judgment of this Court.

## COUNT   II

## RESTITUTION

## AGAINST DEFENDANT NORBERTO JULIO CHIRKES

46. Plaintiffs repeat and incorporate paragraphs 1 through 38 of this Complaint as if fully set forth herein.

47. As a proximate consequence of Chirkes manifestations of ownership of the '138 Patent, Catalina has refused to pay Fusilamp Panama a minimum of three hundred ninety six thousand dollars ($396,000) in royalties, as was stipulated in the Settlement Agreement.

48. Chirkes has and is continuing to benefit financially from the wrongful license he granted Catalina.

49. Plaintiffs have lost a not-yet accounted for revenue as a direct and proximate consequence of Chirkes yet continuing false representation of ownership of the '138 Patent.

 

50. Because of Chirkes's wrongful license of the '138 Patent, Chirkes has been unjustly enriched.  Plaintiffs are entitled to the financial benefits of the '138 Patent and request an award for damages of ten million dollars ($10,000,000.00) under 35 U.S.C. §284, together with costs and reasonable attorney fees under 35 U.S.C. §285, at the judgment of this Court.

## COUNT   III

## PATENT INFRINGEMENT

## AGAINST DEFENDANT CATALINA PERFORMANCE ACCESSORIES, INC

51. Plaintiffs repeat and incorporate paragraphs 1 through 38 of this Complaint as if fully set forth herein.

52. Catalina had actual and constructive notice that Chirkes had wrongfully licensed the '138 Patent at the time when Catalina entered the wrongful license.

53. Gilker had actual and constructive notice of Chirkes' wrongful license when Gilker recorded the license to the '138 Patent with the USPTO.

54. Catalina willfully infringed on Plaintiff's patent exclusionary rights when it practiced the '138 Patent without a valid license.

55. Because of Catalina's unlicensed practice of the '138 Patent, Catalina is in violation of 35 U.S.C. §271.  Plaintiff's is entitled to damages as specified in 35 U.S.C. §284.   Plaintiff request an award for damages of fifty million dollars ($50,000,000.00) under 35 U.S.C. §284, together with costs and reasonable attorney fees under 35 U.S.C. §285, at the judgment of this Court.

 

## COUNT   IV

## PATENT INFRINGEMENT

## AGAINST DEFENDANT LITTELFUSE, INC

56. Plaintiffs repeat and incorporate paragraphs 1 through 38 of this Complaint as if fully set forth herein.

57. Upon information and belief, prior to Littelfuse's acquisition of Catalina, Littelfuse was offering for sale and selling products infringing the '138 Patent in violation of 35 U.S.C. §271.

58. Upon information and belief, Catalina manifested that it had detected Littelfuse infringement on the '138 patent and commenced legal action against Littelfuse.

59. Upon information and belief, Littelfuse is continuing to offer for sale and selling products infringing on Plaintiffs' '138 Patent causing Plaintiffs irreparable harm.

60. Because of Littelfuse's unlicensed practice of the '138 Patent, Littelfuse was and is in violation of 35 U.S.C. §271 (a). Plaintiff's is entitled to damages as specified in 35 U.S.C. §284 and injunctive relief pursuant to 35 U.S.C. §283. Plaintiff request an award for damages of one hundred million dollars ($100,000,000.00) under 35 U.S.C. §284, injunctive relief in accordance with the principles of equity to prevent further violation of the rights secured by the '138 Patent, together with costs and reasonable attorney fees under 35 U.S.C. §285, at the judgment of this Court.

## COUNT   V

## BREACH OF CONTRACT

## AGAINST DEFENDANTS CATALINA PERFORMANCE ACCESSORIES, INC. AND LITTELFUSE, INC.

61. Plaintiffs repeat and incorporate paragraphs 1 through 38 of this Complaint as if fully set forth herein.

62. Catalina had actual and constructive notice that Chirkes had wrongfully licensed the '138 Patent prior to negotiating and entering into the Settlement Agreement, and yet Catalina did not recognize that Fusilamp Panama was the owner of the interest licensed by Chirkes, nor paid any royalties corresponding to said ownership.

63. Catalina stopped paying royalties to Fusilamp Panama but continued to practice the '138 Patent.

64. Upon Littelfuse acquisition of Catalina, Littelfuse assumed the contractual obligations as a successor of interest.

65. Littelfuse never actually paid a single royalty to either Fusilamp Panama or the Gianellis.

66. Upon Fusilamp Panama and the Gianellis' contract stipulated notice to cure the deficiency in royalties' payment, Littelfuse first ignored said notice and then expressly repudiated the obligation and severed all contacts.

**67.** If this Court finds Littelfuse in breach of the Settlement Agreement, Plaintiff request an award of six hundred six thousand dollars ($606,000.00) in past due royalties, together with interest at the judgment of this Court.



68. In the alternative, should this court accepts Littelfuse repudiation of contract with Fusilamp Panama and the Gianellis, then Plaintiffs request this Court to find Littelfuse in violation of 35 U.S.C. §271, an award treble damages of one hundred million dollars ($100,000,000.00) under 35 U.S.C. §284, together with costs and reasonable attorney fees under 35 U.S.C. §285, at the judgment of this Court.

## COUNT   VI

## FALSE MARKING

## AGAINST DEFENDANTS CATALINA PERFORMANCE ACCESSORIES, INC. AND LITTELFUSE, INC.

69. Plaintiffs repeat and incorporate paragraphs 1 through 38 of this Complaint as if fully set forth herein.

70. Defendants Littelfuse and Catalina, as licensees to the '138 Patent, exercised their option to mark the products imported, distributed, offered for sale, and sold under the license to the '138 Patent, as prescribed according to 35 U.S.C. § 287(a), and as such gave notice to the public that they are patentees or holding a valid license to the '138 Patent.

71. Catalina and Littelfuse had actual and constructive notice that Plaintiffs terminated their licensed to the '138 Patent according to the stipulated terms of the Settlement Agreement on January 25, 2010. See Exhibit L.

72. As recent as June 15 and June 20th, 2010, the undersigned counsel bought from Autozone and Pepboys Auto, both Miami distributors of auto parts, packages

containing automobile fuses bearing the trademarks SMARTGLOW FUSE[TM], LITTELFUSE[TM], and marked with Fusilamp USA's '138 Patent.  See Exhibits O, P, and Q.

73. Defendants marking is deceptive and false to the public, as Defendants do not have the right to continue to usufruct Fusilamp USA's '138 Patent, and are in violation of 35 U.S.C. §292 (a).

74. Because of Defendants' unlicensed practice of the '138 Patent and their continuing marking of their infringing products with the "138 patent, Defendants Littelfuse and Catalina are in violation of 35 U.S.C. §292 (a). Plaintiff Fusilamp USA is entitled to statutory damages as specified in 35 U.S.C. §292 (a) of $500 per EVERY offense.  Fusilamp USA request this Court to award it damages of seven hundred sixty three million two hundred nine thousand twn hundred forty six dollars[1] ($763,209,246.00) under 35 U.S.C. §292 (a), together with costs and reasonable attorney fees under 35 U.S.C. §285, at the judgment of this Court.

## COUNT  VII

## PATENT INFRINGEMENT

## AGAINST DEFENDANT ADVANCE AUTO PARTS, INC

75. Plaintiffs repeat and incorporate paragraphs 1 through 38 of this Complaint as if fully set forth herein.

---

[1] Actual damages may be substantially higher and will be properly determined upon completion of discovery. Damages conservatively calculated as follows:  The number of vehicles registered in the USA, according to US Bureau of Transit Statistics, US Department of Transportation, for the year 2007 was 254,403,082.  The average number of fuses in each vehicle is 30.  Assuming a fuse failure rate of 1/5000, and the exemplary statutory fine of $500 per offense, the total damages amount to $763, 209,246.

INTELLECTUAL PROPERTY BUSINESS CONSULTANTS, PLLC

 www.themindharvesters.com   ☎   (305) 720-2080

76. As early, or before, November 5, 2007, and as recent as June 30, 2010, defendant Littelfuse listed defendant AdvanceAuto in its website, www.littelfuse.com, as one of its retailers for its SmartGlow Fuse$^{TM}$ products made under the '138 Patent.  See Exhibits U1 and U2.

77. As recent as June 26, 2010, AdvanceAuto was offering for sale a variety of products sold under the trademark SmartGlow Fuse$^{TM}$, and marked with the legend Patent No. 5,598,138. See Exhibit V1.  Furthermore, on June 26, 2010, AdvanceAuto sold to undersigned counsel products made under the '138 Patent by defendants Littelfuse and Catalina . See Exhibit V2.

78. Because of Defendant AdvanceAuto was, and is, offering for sale and selling products covered by, and marked with, Plaintiffs' '138 Patent, AdvanceAuto was, and is, in violation of 35 U.S.C. §271 (a).  Plaintiffs' are entitled to damages as specified in 35 U.S.C. §284.  Plaintiffs request an award for damages of one hundred eighty nine million five hundred ninety seven thousand six hundred dollars[2] ($189,597,600.00) under 35 U.S.C. §284, together with costs and reasonable attorney fees under 35 U.S.C. §285, at the judgment of this Court.

## **COUNT   VIII**

## **PATENT INFRINGEMENT**

## **AGAINST DEFENDANT AUTOZONE, INC**

79. Plaintiffs repeat and incorporate paragraphs 1 through 38 of this Complaint as if fully set forth herein.

---

[2] Actual damages may be substantially higher and will be properly determined upon completion of discovery. Damages conservatively calculated as follows:  The number of retail outlets, as per defendant's website was over three thousand four hundred stores.  The average number of fuses offered for sale in a store is estimated at three hundred with packages ranging from one to forty two fuses.  Selling prices range from $3.99 to $26.99, averaging $15.49.  Assuming sales of one fuse per month, total damages amount to $189,597,600.

INTELLECTUAL PROPERTY BUSINESS CONSULTANTS, PLLC                    Page 16 of 27



80. As early, or before, November 5, 2007, and as recent as June 30, 2010, defendant Littelfuse listed defendant AutoZone in its website, www.littelfuse.com, as one of its retailers for its SmartGlow Fuse[TM] products made under the '138 Patent.  See Exhibits U1 and U2.

81. As recent as June 15, 2010, AutoZone was offering for sale a variety of products sold under the trademark SmartGlow Fuse[TM], and marked with the legend Patent No. 5,598,138. Exhibit P.  Furthermore, on June 15, 2010, AutoZone sold to undersigned counsel products made under the '138 Patent by defendants Littelfuse and Catalina.  Exhibit O.

82. Because of Defendant AutoZone was, and is, offering for sale and selling products covered by, and marked with, Plaintiffs' '138 Patent, AutoZone was, and is, in violation of 35 U.S.C. §271 (a).  Plaintiffs' are entitled to damages as specified in 35 U.S.C. §284.  Plaintiffs request an award for damages of two hundred twenty three million fifty six thousand dollars[3] ($223,056,000.00) under 35 U.S.C. §284, together with costs and reasonable attorney fees under 35 U.S.C. §285, at the judgment of this Court.

## COUNT  IX

## PATENT INFRINGEMENT

## AGAINST DEFENDANT THE PEP BOYS-MANNY, MOE & JACK, INC.

83. Plaintiffs repeat and incorporate paragraphs 1 through 38 of this Complaint as if fully set forth herein.

---

[3] Actual damages may be substantially higher and will be properly determined upon completion of discovery. Damages conservatively calculated as follows:  The number of retail outlets, as per defendant's website was over four thousand stores.  The average number of fuses offered for sale in a store is estimated at three hundred with packages ranging from one to forty two fuses.  Selling prices range from $3.99 to $26.99, averaging $15.49.  Assuming sales of one fuse per month, total damages amount to $223,056,000.



84. As early, or before, November 5, 2007, and as recent as June 30, 2010, defendant Littelfuse listed defendant Pep Boys in its website, www.littelfuse.com, as one of its retailers for its SmartGlow Fuse$^{TM}$ products made under the '138 Patent.  See Exhibits U1 and U2.

85. As recent as June 20, 2010, Pep Boys was offering for sale a variety of products sold under the trademark SmartGlow Fuse$^{TM}$, and marked with the legend Patent No. 5,598,138. Exhibit Q.  Furthermore, on June 20, 2010, Pep Boys sold to undersigned counsel products made under the '138 Patent by defendants Littelfuse and Catalina. Exhibit Q.

86. Because of Defendant Pep Boys was, and is, offering for sale and selling products covered by, and marked with, Plaintiffs' '138 Patent, Pep Boys was, and is, in violation of 35 U.S.C. §271 (a).  Plaintiffs' are entitled to damages as specified in 35 U.S.C. §284.  Plaintiffs request an award for damages of thirty two million three hundred forty three thousand one hundred and twenty dollars[4] ($32,343,120.00) under 35 U.S.C. §284, together with costs and reasonable attorney fees under 35 U.S.C. §285, at the judgment of this Court.

**WHEREFORE**, Plaintiffs, Fusilamp USA and Fusilamp Panama, respectfully request that the Court grant it the following judgment and relief:

---

[4] Actual damages may be substantially higher and will be properly determined upon completion of discovery. Damages conservatively calculated as follows:  The number of retail outlets, as per defendant's website was over five hundred eighty stores.  The average number of fuses offered for sale in a store is estimated at three hundred with packages ranging from one to forty two fuses.  Selling prices range from $3.99 to $26.99, averaging $15.49.  Assuming sales of one fuse per month, total damages amount to $32,343,120.



As to Count I, declare that United States Patent No. 5,598.138 was duly and legally issued, is valid, and is enforceable.

a)  As to Count I, declare that Plaintiff Fusilamp USA is the sole owner of the '138 Patent.

b)  As to Count II, that judgment be entered in favor of Fusilamp Panama, and against Defendant Chirkes for damages arising from wrongful licensing of the '138 Patent in an amount not less than ten million dollars ($10,000,000.00);

c)  As to Count III, that judgment be entered in favor of Fusilamp Panama and against Defendant Catalina for damages arising from Patent Infringement in an amount not less than fifty million dollars ($50,000,000.00);

d)  As to Count IV, that judgment be entered in favor of Fusilamp USA and against Defendant Littelfuse for damages arising from Patent Infringement in an amount not less than One Hundred Million Dollars ($100,000,000.00);

e)  As to Count IV, that injunctive relief be granted against Littelfuse arising from defendant's Patent Infringement.

f)  As to Count V, that judgment be entered in favor of Fusilamp Panama and against Defendants Littelfuse and Catalina, for damages arising from Defendants' breach of contract in an amount not less than six hundred six thousand dollars ($606,000), plus interest and punitive damages;

g)  As to Count VI, that judgment be entered in favor of Fusilamp USA and against Defendants Littelfuse and Catalina, for damages arising from Defendants' false marking in an amount not less than seven hundred sixty three million two hundred nine thousand two hundred forty six dollars ($763,209,246);

h)  As to Count VII, that judgment be entered in favor of Fusilamp USA and against Defendant AdvanceAuto for damages arising from Patent Infringement in an amount not less than one hundred eighty nine million five hundred ninety seven thousand six hundred dollars ($189, 597,600.00);

i)  As to Count VIII, that judgment be entered in favor of Fusilamp USA and against Defendant AutoZone for damages arising from Patent Infringement in an amount not less than two hundred twenty three Million fifty six thousand dollars ($223,056,000.00);

j)  As to Count IX, that judgment be entered in favor of Fusilamp USA and against Defendant Pep Boys for damages arising from Patent Infringement in an amount not less than thirty two million three hundred forty three thousand one hundred and twenty dollars ($32,343,120.00);

k)  Award Fusilamp, LLC. and Fusilamp S. A. court costs and reasonable attorney fees at the judgment of this Court.

## <u>JURY DEMAND</u>

Plaintiffs demand trial by jury as to all counts and issues in this action.


Dated this 1st day of July, 2010.

                       Respectfully submitted,


                       By:___/Mario S. Golab/


                          INTELLECTUAL PROPERTY
                          BUSINESS CONSULTANTS, PLLC.

                          MARIO S. GOLAB, Esq.
                          Florida Bar No. 0684878
                          ADR/Litigation Department
                          1413 Santa Cruz Ave
                          Coral Gables, Florida 33134
                          Telephone (305) 720-2080

                          drgolab@themindharvesters.com

                          **ATTORNEYS FOR PLAINTIFFS**
                          Fusilamp, LLC and Fusilamp S. A.



## LIST OF EXHIBITS

**Exhibit A**

United States patent No. 5,598, 138, titled Fault-Indicating Blade Fuse

**Exhibit B**

Ms. Jaronczyk signed contract for the sale of all remaining interests in United States patent No. 5,598,138 to Mr. Miguel Angel Gianelli and Mr. Norberto Julio Chirkes.

**EXHIBIT C**

USPTO Patent Assignment Abstract of Title from http://assignments.uspto.gov/assignments/q?db=pat&qt=pat&reel=&frame=&pat=5598138 &pub=&asnr=&asnri=&asne=&asnei=&asns=

**EXHIBIT D**

Mr. Norberto Julio Chirkes signed contract for the sale of all his remaining interests in United States patent No. 5,598,138 to Fusilamp, S.A.

**EXHIBIT E**

Mr. Norberto Julio Chirkes signed contract with Catalina Performance Accessories, Inc. granting Catalina an exclusive license rights to manufacture, market, distribute, sub-license, and otherwise exploit United States patent 5,598,138, and any innovations or refinements thereof, for the useful life of the patent.

**EXHIBIT F**

Magistrate Judge Hon. Andrew J. Peck, United States District Court, Southern District of New York, Case # 03 Civ.3497 (LAK), Fusilamp S. A. and Catalina Performance Accessories, Inc. settlement binding contractual agreement.

**EXHIBIT G**

Notice that Catalina intends to commence a '138 Patent infringement suit against Littelfuse, Inc.



**EXHIBIT H**

Joseph Gilker e-mail estimating $400,000.00 in litigation costs, requesting not to contact Littelfuse, Inc., and refusing to collaborate with the Gianellis' attorneys.

**EXHIBIT I**

Catalina's letter offering to buy the Gianellis '138 Patent for $50,000.00 less than two weeks before selling to Littelfuse for $4,500,000.00.

**EXHIBIT J**

Littelfuse announcement that it will buy Catalina for $4,500,000.00

**EXHIBIT K**

Letters to Catalina and Littelfuse to cure royalty payments deficiency.

**EXHIBIT L**

Letters Catalina and Littelfuse revoking their '138 patent license.

**EXHIBIT M**

Letter from Littelfuse repudiating contract.

**EXHIBIT N**

USPTO assignment abstract of trademark SMARTGLOW FUSE$^{TM}$ – Serial #76181671

**EXHIBIT O**

AutoZone's receipt for SMARTGLOW FUSE$^{TM}$ branded and falsely market fuses

**EXHIBIT P**

Picture of boxes of Littefuse's SMARTGLOW FUSE$^{TM}$ offered for sale by AutoZone on June 15, 2010

**EXHIBIT Q**

Pep Boys' receipt and sample of fuse packages with false markings

**EXHIBIT U1**

Littelfuse's list of Retailers as per their website on 11/5/2007

 

**EXHIBIT U2**

Littelfuse's list of Retailers as per their website on 6/30/2010

**EXHIBIT V1**

AdvanceAuto's receipt for SMARTGLOW FUSE<sup>TM</sup> branded and falsely market fuses

**EXHIBIT V2**

AdvanceAuto's display of infringing SMARTGLOW FUSE<sup>TM</sup> fuses offered for sale.



## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so.

Dated this 1st day of July, 2010.

Respectfully submitted,

By: ___/Mario S. Golab/

INTELLECTUAL PROPERTY BUSINESS
CONSULTANTS, PLLC.

MARIO S. GOLAB, Esq.
Florida Bar No. 0684878

ADR/Litigation Department
1413 Santa Cruz Ave
Coral Gables, Florida 33134
Telephone (305) 720-2080
drgolab@themindharvesters.com

**ATTORNEYS FOR PLAINTIFFS**
Fusilamp, LLC and Fusilamp S. A.



## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that true and correct copies of the foregoing Amended

Complaint was served in the manner indicated below:

Via ECF to:

> Jonathan B. Morton, Esq.
>
> K & L Gates, LLP
> Counsel for Littelfuse, Inc.
> Wachovia Financial Center
> 200 S. Biscayne Blvd, Suite 3900
> Miami, FL 33131-2399
> (305) 539-3357
> jonathan.morton@klgates.com
>
> Patricia Kane Schmidt (pro hac vice)
> Three First National Plaza
> 70 West Madison Street, Suite 3100
> Chicago, IL 60602
> (312) 372-1121
> patricia.schmidt@klgates.com

Via USPS mail to:

> Norberto Julio Chirkes
> Arcos 2869/71, 5 piso, depto. B,
> Buenos Aires, C1429, Argentina
>
> Catalina Performance Accessories, Inc.
> 9222 North Hwy 71
> Mountainberg, AR 72946
>
> Advance Auto Parts, Inc.
> 5008 Airport Road
> Roanoke, VA 24012
>
> Autozone, Inc
> 123 Front Street
> Memphis, TN 38103

 

The Pep Boys – Manny, Moe & Jack, Inc.
3111 West Allegheny Avenue
Philadelphia, PA 19132

on this 1st day of July, 2010.


By:____/Mario S. Golab/

INTELLECTUAL PROPERTY
BUSINESS CONSULTANTS, PLLC.

MARIO S. GOLAB, Esq.
Florida Bar No. 0684878

ADR/Litigation Department
1413 Santa Cruz Ave
Coral Gables, Florida 33134
Telephone (305) 720-2080
drgolab@themindharvesters.com

**ATTORNEYS FOR PLAINTIFFS**
Fusilamp, LLC and Fusilamp S. A.

