**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 10-20528-CIV-ALTONAGA/BROWN**

**FUSILAMP, LLC and**
**FUSILAMP S.A.,**

      **Plaintiffs,**

**v.**

**LITTELFUSE, INC.,**
**NORBERTO JULIO CHIRKES,**
**CATALINA PERFORMANCE ACCESSORIES, INC.,**
**ADVANCE AUTO PARTS, INC.,**
**AUTOZONE, INC., and**
**THE PEP BOYS-MANNY, MOE & JACK, INC.,**

      **Defendants.**

_____/

**DEFENDANT LITTELFUSE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND COUNTERCLAIMS**

      Defendant, Littelfuse, Inc. ("Littelfuse"), by and through its attorneys, K&L Gates LLP,

files this Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint for Patent

Infringement, Declaratory Judgment, Breach of Contract and False Marking, and in response to

the separately numbered paragraphs thereof, states as follows:

      1.      Paragraph 1 does not contain allegations of fact to which a responsive pleading is

required.

      2.      Paragraph 2 does not contain allegations of fact to which a responsive pleading is

required.

      3.      Paragraph 3 does not contain allegations of fact to which a responsive pleading is

required.

4.      Paragraph 4 does not contain allegations of fact to which a responsive pleading is required.

5.      Littelfuse denies that Southern District of Florida is the most convenient venue. Littelfuse lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 5 and therefore denies the same.

<u>**AS TO FACTS**</u>

6.      Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 6 and therefore denies the same.

7.      Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 7 and therefore denies the same.

8.      Littelfuse admits that it is a publicly traded corporation organized under the laws of the State of Delaware and has a principal place of business at 8755 West Higgins Road, Suite 500, Chicago, IL 60631.  Littelfuse admits that it has distributors of the SMARTGLOW FUSE® with offices in Florida.  Littelfuse denies the remaining allegations of Paragraph 8.

9.      Littelfuse admits that Chirkes is an individual and resident of Argentina. Littelfuse lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 9 and therefore denies the same.

10.     Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 10 and therefore denies the same.

11.     Littelfuse admits that defendant Advance Auto Parts has a principal place of business at 5008 Airport Rd. Roanoke, VA 24012, Littelfuse lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 11 and therefore denies the same.

12.     Littelfuse admits that defendant Autozone has a principal place of business at 123 Front Street, Memphis, TN 38103, Littelfuse lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 12 and therefore denies the same.

13.     Littelfuse admits that defendant Pep Boys has a principal place of business at 3111 West Allegheny Avenue, Philadelphia, PA 19132, Littelfuse lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 13 and therefore denies the same.

14.     Littelfuse admits the inventor of the '138 patent, entitled "Fault-Indicating Blade Fuse," is Mr. Joseph P. Jaronczyk, Jr.    Littelfuse also admits the Abstract of the '138 patent states "[a] fault-indicating blade fuse, which includes a light-emitting electrical device that is positioned for ready visibility from above the fuse.  The device lies within the bounds of the upper body profile of the fuse and it is so constructed and connected as to be activated upon fusion of the link, when the fuse is subjected to excessive current.  In one form, a supplemental component contains a light-emitting electrical device and includes means for affixing it to the upper body portion of a fuse.  Contact elements on the supplemental component establish electrical contact with the blades of the assembled fuse."  Littelfuse denies that the USPTO granted the '138 Patent on January 3, 1995.  Littelfuse lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 14 and therefore denies the same.

15.     Littelfuse admits that all right, title and interest in and to the '138 patent were sold and assigned in equal parts to Mr. Miguel Angel Antonio Gianelli and Norberto Julio Chirkes. Littelfuse denies the Inventor sold and assigned such right, title and interest and to Miguel Angel Antonio Gianelli and Norberto Julio Chirkes.  Littelfuse lacks knowledge or information

sufficient to admit or deny the remaining allegations of Paragraph 15 and therefore denies the same.

16.     Littelfuse admits that Exhibit C is a Patent Assignment Abstract from the USPTO web site that identifies a document that purports to be an assignment of the '138 Patent and was recorded with the USPTO on October 26, 2000.  Littelfuse lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 16 and therefore denies the same.

17.     Littelfuse admits the allegations of Paragraph 17.

18.     Littelfuse denies the allegations of Paragraph 18.

19.     Littelfuse denies the allegations of Paragraph 19.

20.     Littelfuse lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 20 and therefore denies the same.

21.     Littelfuse admits the allegations of Paragraph 21.

22.     Littelfuse admits that Exhibit F is a Settlement Agreement entered into by Miguel Angel Gianelli, Fusilamp Panama and Catalina on October 10, 2003, before Magistrate Judge Hon. Andrew J. Peck, United States District Court, Southern District of New York, Case # 03 Civ. 3497 (LAK) and that the document speaks for itself.  Littelfuse denies the remaining allegations of Paragraph 22.

23.     Littelfuse admits that Exhibit C is a Patent Assignment Abstract from the USPTO web site that identifies a document that purports to be executed on January 13, 2005 and was recorded at the USPTO on January 27, 2005 and that the document speaks for itself.  Littelfuse denies the remaining allegations of Paragraph 23

24.     Littelfuse admits that Exhibit C is a Patent Assignment Abstract from the USPTO web site and that the document speaks for itself.  Littelfuse lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 24 and therefore denies the same.

25.     Littelfuse admits that Exhibit G purports to be a letter dated April 6, 2006 and that the document speaks for itself.  Littelfuse lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 25 and therefore denies the same.

26.     Littelfuse admits that Exhibit H purports to be an email dated April 26, 2006 and that the document speaks for itself.  Littelfuse lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 26 and therefore denies the same.

27.     Littelfuse lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 27 and therefore denies the same.

28.     Littelfuse lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 28 and therefore denies the same.

29.     Littelfuse admits that Exhibit J is a press release dated June 13, 2006, regarding Littelfuse's acquisition of certain assets from Catalina and that the document speaks for itself. Littelfuse denies the remaining allegations of Paragraph 29.

30.     Littelfuse admits that on or about June 26, 2006, Littelfuse announced it had acquired certain assets of Catalina for $4.5 million.  Littelfuse denies the remaining allegations of Paragraph 30.

31.     Littelfuse denies the allegations of Paragraph 31.

32.     Littelfuse admits that it wire transferred five thousand dollars ($5,000) pursuant to the Settlement Agreement and the money was refused and returned to Littelfuse.  Littelfuse denies the remaining allegations of Paragraph 32.

33.     Littelfuse admits the allegations of Paragraph 33.

34.     Littelfuse admits that Exhibit K is a letter dated January 15, 2010, from Dr. Mario Golab on behalf of Miguel Angel Gianelli and Fusilamp Panama to Littelfuse, Inc. and that the document speaks for itself.  Littelfuse denies the remaining allegations of Paragraph 34.

35.     Littelfuse admits that Exhibit L is a letter dated January 25, 2010, from Dr. Mario Golab on behalf of Miguel Angel Gianelli and Fusilamp Panama to Littelfuse, Inc. and that the document speaks for itself.  Littelfuse denies the remaining allegations of Paragraph 35.

36.     Littelfuse admits that Exhibit C is a Patent Assignment Abstract from the USPTO web site and that the document speaks for itself.  Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 36 and therefore denies the same.

37.     Littelfuse denies the allegations of Paragraph 37.

38.     Littelfuse denies the allegations of Paragraph 38.

### AS TO COUNT I

39.     Littelfuse repeats and incorporates its answers to Paragraphs 1 through 38 as if fully set forth herein.

40.     Littelfuse denies the allegations of Paragraph 40.

41.     Littelfuse denies the allegations of Paragraph 41.

42.     Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 42 and therefore denies the same.

43.     Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 43 and therefore denies the same.

44.     Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 44 and therefore denies the same.

45.     Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 45 and therefore denies the same.

## AS TO COUNT II

46.     Littelfuse repeats and incorporates its answers to Paragraphs 1 through 38 as if fully set forth herein.

47.     Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 47 and therefore denies the same.

48.     Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 48 and therefore denies the same.

49.     Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 49 and therefore denies the same.

50.     Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 50 and therefore denies the same.

## AS TO COUNT III

51.     Littelfuse repeats and incorporates its answers to paragraphs 1 through 38 as if fully set forth herein.

52.     Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 52 and therefore denies the same.

53.     Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 53 and therefore denies the same.

54.     Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 54 and therefore denies the same.

55.     Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 55 and therefore denies the same.

## AS TO COUNT IV

56.     Littelfuse repeats and incorporates its answers to Paragraphs 1 through 38 as if fully set forth herein.

57.     Littelfuse denies the allegations of Paragraph 57.

58.     Littelfuse denies the allegations of Paragraph 58.

59.     Littelfuse denies the allegations of Paragraph 59.

60.     Littelfuse denies the allegations of Paragraph 60.

## AS TO COUNT V

61.     Littelfuse denies the allegations of Paragraph 61.

62.     Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 62 and therefore denies the same.

63.     Littelfuse lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 63 and therefore denies the same.

64.     Littelfuse admits that it assumed the rights and obligations under the Settlement Agreement upon acquiring certain assets from Catalina but denies the remaining allegations of Paragraph 64.

65.     Littelfuse denies the allegations of Paragraph 65.

66.     Littelfuse denies the allegations of Paragraph 66.

67.     Littelfuse denies the allegations of Paragraph 67.

68.     Littelfuse denies the allegations of Paragraph 68.

## AS TO COUNT VI

69.     Littelfuse repeats and incorporates its answers to Paragraphs 1 through 38 as if fully set forth herein.

70.     Littelfuse admits that it has a valid license to the '138 Patent with co-owner Chirkes.  The question of patent marking as prescribed according to 35 U.S.C. § 287 calls for a conclusion of law to which no response is required.  Littelfuse denies the remaining allegations of Paragraph 70.

71.     Littelfuse denies the allegations of Paragraph 71.

72.     Littelfuse has insufficient knowledge and information to admit or deny the allegations in Paragraph 72 and therefore denies the same.

73.     Littelfuse denies the allegations of Paragraph 73.

74.     Littelfuse denies the allegations of Paragraph 74.

## AS TO COUNT VII

75.     Littelfuse repeats and incorporates its answers to Paragraphs 1 through 38 as if fully set forth herein.

76.     Littelfuse has insufficient knowledge and information to admit or deny the allegations in Paragraph 76 and therefore denies the same.

77.     Littelfuse has insufficient knowledge and information to admit or deny the allegations in Paragraph 77 and therefore denies the same.

78.     Littelfuse denies the allegations of Paragraph 78.

## AS TO COUNT VIII

79.     Littelfuse repeats and incorporates its answers to Paragraphs 1 through 38 as if fully set forth herein.

80.     Littelfuse has insufficient knowledge and information to admit or deny the allegations in Paragraph 80 and therefore denies the same.

81.     Littelfuse has insufficient knowledge and information to admit or deny the allegations in Paragraph 81 and therefore denies the same.

82.     Littelfuse denies the allegations of Paragraph 82.

## AS TO COUNT IX

83.     Littelfuse repeats and incorporates its answers to Paragraphs 1 through 38 as if fully set forth herein.

84.     Littelfuse has insufficient knowledge and information to admit or deny the allegations in Paragraph 84 and therefore denies the same.

85.     Littelfuse has insufficient knowledge and information to admit or deny the allegations in Paragraph 85 and therefore denies the same.

86.     Littelfuse denies the allegations of Paragraph 86.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, in whole or in part, fail to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' request for relief is barred, in whole or in part, by the doctrine of laches and/or equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the Settlement Agreement contains an arbitration provision which governs disputes of the type now claimed by Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by reason of Plaintiffs' repudiation of the Settlement Agreement.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that Littelfuse had obligations to Plaintiff Fusilamp Panama, under any enforceable contract, such obligations were excused by Fusilamp Panama's prior breach of said contract.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims have been waived due to Plaintiff's failure to accept payment under the Settlement Agreement.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of infringement and patent false marking are barred because Littelfuse is the licensee of an exclusive license agreement with the co-owner of the '138 patent, Norberto Julio Chirkes.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of infringement are barred because each claim of the '138 patent is invalid under 35 U.S.C. §§ 102 and 103.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' infringement claims are barred because Littelfuse does not infringe a valid claim of the '138 patent.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' patent infringement claims are barred because all owners of the '138 patent are indispensable parties to infringement claims and must be co-plaintiffs in this action.  Norberto Julio Chirkes is a co-owner of the '138 patent and therefore is an indispensable party.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' breach of contract claims fail because Plaintiffs lack standing under the Settlement Agreement.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate its damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs claims fail because the Southern District of Florida is an improper venue.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant Littelfuse respectfully demands judgment dismissing Plaintiffs' Second Amended Complaint in its entirety with prejudice and awarding Littelfuse its attorneys' fees and costs, as well as such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS

For its counterclaims, counterclaimant Littelfuse, Inc. ("Littelfuse") complains of counter-defendant Fusilamp LLC and alleges as follows:

### PARTIES

1.     Littelfuse is a Delaware corporation with its corporate headquarters and principal place of business 8755 West Higgins Road, Suite 500, Chicago, IL 60631.

2.     Fusilamp LLC ("Fusilamp USA") has alleged that it is a limited liability company organized under the laws of the State of Florida and that its principal place of business is 7891 West Flagler Street, Miami, FL 33144, County of Miami-Dade, Florida.

3.     In the Second Amended Complaint, Fusilamp USA alleges that U.S. Patent No. 5,598,138 ("'138 patent") is valid and enforceable and that Littelfuse's SMARTGLOW FUSE® products infringe the '138 patent.   Littelfuse denies these allegations.   A actual justiciable controversy therefore exists between Littelfuse and Fusilamp USA.

4.     Fusilamp USA claims to be the sole owner of the '138 patent and has attempted to enforce the '138 patent against Littelfuse.

### JURISDICTION AND VENUE

5.     These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. and the patent laws, 35 U.S.C. § 101 et seq.   This Court has subject matter jurisdiction over the counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Fusilamp USA because Fusilamp USA filed suit against Littelfuse in this district and has purposefully availed itself of the protection of the courts of this district.

7.     While Littelfuse does not concede that venue is proper in this district with respect to the action brought by Fusilamp USA and Fusilamp Panama, should that action remain in this district , venue on these counterclaims is proper in this district under 28 U.S.C. § 1391(b).

## COUNTERCLAIM ONE
## (DECLARATORY JUDGMENT OF INVALIDITY)

8.     Littelfuse hereby incorporates its allegations in Paragraphs 1 through 7 as if fully set forth herein.

9.     Each claim of the '138 patent is invalid for failure to satisfy the statutory requirements for patentability under 35 U.S.C. § 102 and/or 103.

10.     By reason of the foregoing, an actual controversy exists as to the validity of the claims of the '138 patent, and Littelfuse requests a declaration from the Court finding that the '138 patent claims are invalid.

## COUNTERCLAIM TWO
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

11.     Littelfuse hereby incorporates its allegations in Paragraphs 1 through 7 as if fully set forth herein.

12.     Littelfuse has not infringed and is not infringing any valid and enforceable claim of the '138 patent.

13.     Littelfuse is a licensee of a valid exclusive license agreement under the '138 patent that was granted by the co-owner of the '138 patent, Norberto Julio Chirkes.

14.     By reason of the foregoing, an actual controversy exists and Littelfuse requests a declaration from the Court finding that Littelfuse does not infringe any valid and enforceable claim of the '138 patent.

## PRAYER

WHEREFORE, Littelfuse respectfully requests that this Court enter judgment in

its favor that:

A.     U.S. Patent No. 5,598,138 is invalid;

B.     Littelfuse is not infringing and has not infringed U.S. Patent No. 5,598,138;

C.     Fusilamp USA's claims of infringement are dismissed in their entirety with prejudice;

D.     This is an exceptional case under 35 U.S.C. § 285 and Littelfuse is entitled to recover its reasonable attorneys' fees; and

E.     Littelfuse is entitled to recover its costs, and such other additional relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Littelfuse demands trial by jury on all issues so triable.

Dated this 15th day of July, 2010.

Respectfully submitted,

By: ___/s/ Jonathan B. Morton_____
Jonathan B. Morton
K&L Gates LLP
Wachovia Financial Center
200 South Biscayne Blvd.
Suite 3900
Miami, FL 33131-2399
305.539.3357
jonathan.morton@klgates.com

Patricia Kane Schmidt (*pro hac vice*)
K&L Gates LLP
Three First National Plaza
70 West Madison St.
Suite 3100
Chicago, IL 60602
312.807.4363
patricia.schmidt@klgates.com

**ATTORNEYS FOR DEFENDANT**
Littelfuse, Inc.

- 15 -

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on July 15, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: ___*/s/ Jonathan B. Morton*_____
        Jonathan B. Morton

**SERVICE LIST**
**Fusilamp, LLC., et al. v. Littelfuse, Inc., et al.**
**Case No.: 10-20528-CIV-ALTONAGA/BROWN**

Mario S. Golab, Esq.
Intellectual Property Business
 Consultants, PLLC
1413 Santa Cruz Avenue
Coral Gables, Florida 33134
Tel. 305-720-2304
drgolab@themindharvesters.com
**(Served via CM/ECF)**

Catalina Performance Accessories, Inc.
9222 North Hwy 71
Mountainberg, AR 72946
**(Served via Regular U.S. Mail)**

AutoZone, Inc
123 Front Street
Memphis, TN 38103
**(Served via Regular U.S. Mail)**

Norberto Julio Chirkes
Arcos 2869/71, 5 piso, depto. B,
Buenos Aires, C1429, Argentina
**(Served via Regular U.S. Mail)**

Advance Auto Parts, Inc.
5008 Airport Road
Roanoke, VA 24012
**(Served via Regular U.S. Mail)**

The Pep Boys – Manny, Moe & Jack, Inc.
3111 West Allegheny Avenue
Philadelphia, PA 19132
**(Served via Regular U.S. Mail)**