UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20528-CIV-ALTONAGA/BROWN

FUSILAMP, LLC and
FUSILAMP S.A.,

    Plaintiffs,

v.

LITTELFUSE, INC.,
NORBERTO JULIO CHIRKES,
CATALINA PERFORMANCE ACCESSORIES, INC.,
ADVANCE AUTO PARTS, INC.,
AUTOZONE, INC., and
THE PEP BOYS-MANNY, MOE & JACK, INC.,

    Defendants.
_____/

### DEFENDANT AUTOZONE, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO
### PLAINTIFFS' SECOND AMENDED COMPLAINT AND COUNTERCLAIMS

Defendant, AutoZone, Inc. ("AutoZone"), by and through its attorneys, K&L Gates LLP, files this Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint for Patent Infringement, Declaratory Judgment, Breach of Contract and False Marking, and in response to the separately numbered paragraphs thereof, states as follows:

### JURISDICTION AND VENUE

1.    Paragraph 1 does not contain allegations of fact to which a responsive pleading is required.

2.    Paragraph 2 does not contain allegations of fact to which a responsive pleading is required.

3.    Paragraph 3 does not contain allegations of fact to which a responsive pleading is required.

- 2 -

4. Paragraph 4 does not contain allegations of fact to which a responsive pleading is required.

## VENUE

5. AutoZone denies that Southern District of Florida is the most convenient venue. AutoZone lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 5 and therefore denies the same.

## PARTIES

6. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 6 and therefore denies the same.

7. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 7 and therefore denies the same.

8. AutoZone admits that Littelfuse is a publicly traded corporation organized under the laws of the State of Delaware and has a principal place of business at 8755 West Higgins Road, Suite 500, Chicago, IL 60631. AutoZone lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 8.

9. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 9 and therefore denies the same.

10. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 10 and therefore denies the same.

11. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 11 and therefore denies the same.

12. AutoZone states that it is a Nevada corporation. AutoZone admits the remaining allegations of Paragraph 12.

13.     AutoZone lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 13 and therefore denies the same.

## COMMON FACTUAL ALLEGATIONS

14.     AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 14 and therefore denies the same.

15.     AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 15, and therefore denies the same.

16.     AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 16, and therefore denies the same.

17.     AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 17, and therefore denies the same.

18.     AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 18 and therefore denies the same.

19.     AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 19, and therefore denies the same.

20.     AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 20, and therefore denies the same.

21.     AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 21, and therefore denies the same.

22.     AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 22, and therefore denies the same.

23.     AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 23, and therefore denies the same.

24. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 24 and therefore denies the same.

25. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 25 and therefore denies the same.

26. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 26 and therefore denies the same.

27. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 27 and therefore denies the same.

28. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 28, and therefore denies the same.

29. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 29, and therefore denies the same.

30. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 30, and therefore denies the same.

31. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 31, and therefore denies the same.

32. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 32, and therefore denies the same.

33. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 33, and therefore denies the same.

34. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 34, and therefore denies the same.

35. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 35, and therefore denies the same.

36. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 36, and therefore denies the same.

37. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 37, and therefore denies the same.

38. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 38, and therefore denies the same.

## AS TO COUNT I

39. AutoZone repeats and incorporates its answers to Paragraphs 1 through 38 as if fully set forth herein.

40. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 40, and therefore denies the same.

41. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 41, and therefore denies the same.

42. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 42 and therefore denies the same.

43. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 43 and therefore denies the same.

44. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 44 and therefore denies the same.

45. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 45 and therefore denies the same.

## AS TO COUNT II

46. AutoZone repeats and incorporates its answers to Paragraphs 1 through 38 as if fully set forth herein.

47. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 47 and therefore denies the same.

48. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 48 and therefore denies the same.

49. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 49 and therefore denies the same.

50. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 50 and therefore denies the same.

## AS TO COUNT III

51. AutoZone repeats and incorporates its answers to paragraphs 1 through 38 as if fully set forth herein.

52. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 52 and therefore denies the same.

53. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 53 and therefore denies the same.

54. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 54 and therefore denies the same.

55. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 55 and therefore denies the same.

## AS TO COUNT IV

56. AutoZone repeats and incorporates its answers to Paragraphs 1 through 38 as if fully set forth herein.

57. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 57 and therefore denies the same.

58. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 58 and therefore denies the same.

59. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 59 and therefore denies the same.

60. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 60 and therefore denies the same.

## AS TO COUNT V

61. AutoZone repeats and incorporates its answers to Paragraphs 1 through 38 as if fully set forth herein.

62. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 62 and therefore denies the same.

63. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 63 and therefore denies the same.

64. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 64 and therefore denies the same.

65. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 65 and therefore denies the same.

66. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 66 and therefore denies the same.

67. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 67 and therefore denies the same.

68. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 68 and therefore denies the same.

## AS TO COUNT VI

69. AutoZone repeats and incorporates its answers to Paragraphs 1 through 38 as if fully set forth herein.

70. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 70 and therefore denies the same.

71. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 71 and therefore denies the same.

72. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 72 and therefore denies the same.

73. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 73 and therefore denies the same.

74. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 74 and therefore denies the same.

## AS TO COUNT VII

75. AutoZone repeats and incorporates its answers to Paragraphs 1 through 38 as if fully set forth herein.

76. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 76 and therefore denies the same.

77. AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 77 and therefore denies the same.

78.     AutoZone lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 78 and therefore denies the same.

## AS TO COUNT VIII

79.     AutoZone repeats and incorporates its answers to Paragraphs 1 through 38 as if fully set forth herein.

80.     AutoZone has lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 80 and therefore denies the same.

81.     AutoZone admits that it was offering products sold under the trademark SmartGlow Fuse™. AutoZone lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 81 and therefore denies the same.

82.     AutoZone denies the allegations in Paragraph 82.

## AS TO COUNT IX

83.     AutoZone repeats and incorporates its answers to Paragraphs 1 through 38 as if fully set forth herein.

84.     AutoZone lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 84 and therefore denies the same.

85.     AutoZone lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 85 and therefore denies the same.

86.     AutoZone lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 86 and therefore denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, in whole or in part, fail to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' request for relief is barred, in whole or in part, by the doctrine of laches and/or equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of infringement and patent false marking are barred because Littelfuse is the licensee of an exclusive license agreement with the co-owner of the '138 patent, Norberto Julio Chirkes.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of infringement are barred because each claim of the '138 patent is invalid under 35 U.S.C. §§ 102 and 103.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' infringement claims are barred because AutoZone does not infringe a valid claim of the '138 patent.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' patent infringement claims are barred because all owners of the '138 patent are indispensable parties to infringement claims and must be co-plaintiffs in this action. Norberto Julio Chirkes is a co-owner of the '138 patent and therefore is an indispensable party.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate its damages, if any.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because the Southern District of Florida is an improper venue.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant AutoZone respectfully demands judgment dismissing Plaintiffs' Second Amended Complaint in its entirety with prejudice and awarding AutoZone its attorneys' fees and costs, as well as such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS

For its counterclaims, counterclaimant AutoZone, Inc. ("AutoZone") complains of counter-defendant Fusilamp LLC and alleges as follows:

## PARTIES

1. AutoZone is a Nevada corporation with its principal place of business at 123 Front Street, Memphis, Tennessee 38103.

2. In the Second Amended Complaint, Fusilamp LLC ("Fusilamp USA") has alleged that it is a limited liability company organized under the laws of the State of Florida and that its principal place of business is 7891 West Flagler Street, Miami, FL 33144, Miami-Dade County, Florida.

3. In the Second Amended Complaint, Fusilamp USA alleges that U.S. Patent No. 5,598,138 ("'138 patent") is valid and enforceable and that AutoZone' offers for sale of Littelfuse Inc.'s SMARTGLOW FUSE® products infringe the '138 patent. AutoZone denies these allegations.

4. An actual justiciable controversy therefore exists between AutoZone and Fusilamp USA.

5. Fusilamp USA alleges to be the sole owner of the '138 patent.

## JURISDICTION AND VENUE

6. These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. and the patent laws, 35 U.S.C. § 101 et seq. This Court has subject matter jurisdiction over the counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Fusilamp USA because Fusilamp USA filed suit against AutoZone in this district and has purposefully availed itself of the protection of the courts of this district.

8. While AutoZone does not concede that venue is proper in this district with respect to the action brought by Fusilamp USA and Fusilamp Panama, should that action remain in this district, venue on these counterclaims is proper in this district under 28 U.S.C. § 1391(b).

## COUNTERCLAIM ONE
### (DECLARATORY JUDGMENT OF INVALIDITY)

9. AutoZone hereby incorporates its allegations in Paragraphs 1 through 8 as if fully set forth herein.

10. Each claim of the '138 patent is invalid for failure to satisfy the statutory requirements for patentability under 35 U.S.C. § 102 and/or 103.

11. By reason of the foregoing, an actual controversy exists as to the validity of the claims of the '138 patent, and AutoZone requests a declaration from the Court finding that the '138 patent claims are invalid.

## COUNTERCLAIM TWO
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

12. AutoZone hereby incorporates its allegations in Paragraphs 1 through 8 as if fully set forth herein.

13. AutoZone has not infringed and is not infringing any valid and enforceable claim of the '138 patent.

14. AutoZone purchases the SMARTGLOW FUSE® products from Littelfuse, Inc. Littelfuse, Inc. is a licensee of the '138 patent.

15. By reason of the foregoing, an actual controversy exists and AutoZone requests a declaration from the Court finding that AutoZone does not infringe any valid and enforceable claim of the '138 patent.

## PRAYER

WHEREFORE, AutoZone respectfully requests that this Court enter judgment in its favor that:

A. U.S. Patent No. 5,598,138 is invalid;

B. AutoZone is not infringing and has not infringed U.S. Patent No. 5,598,138;

C. Fusilamp USA's claims of infringement are dismissed in their entirety with prejudice;

D. This is an exceptional case under 35 U.S.C. § 285 and AutoZone is entitled to recover its reasonable attorneys' fees; and

E. AutoZone is entitled to recover its costs, and such other additional relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

AutoZone demands trial by jury on all issues so triable.

Dated this 13th day of August, 2010.

                Respectfully submitted,

           By:  s/ Jonathan B. Morton
               **K&L GATES, LLP**
               Jonathan B. Morton, Esq.
               Wachovia Financial Center
               200 South Biscayne Blvd., Suite 3900
               Miami, Florida 33131-2399
               (305) 539-3357
               jonathan.morton@klgates.com

- 15 -

Patricia Kane Schmidt (*pro hac vice*)
Three First National Plaza
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
(312)372-1121
patricia.schmidt@klgates.com

*Attorneys for Defendant AutoZone, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13th, 2010, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified.

By: s/ Jonathan B. Morton
Jonathan B. Morton

## SERVICE LIST
### Fusilamp, LLC., et al. v. Littelfuse, Inc., et al.
### Case No.: 10-20528-CIV-ALTONAGA/BROWN

Mario S. Golab, Esq.
Intellectual Property Business
Consultants, PLLC
1413 Santa Cruz Avenue
Coral Gables, Florida 33134
Tel. 305-720-2304
drgolab@themindharvesters.com
*Attorney for Plaintiff*
**(Served via CM/ECF)**

Andrew R. Herron, Esq.
Herron Jacobs Ortiz
1401 Brickell Avenue
Suite 840
Miami, Florida 33131
Tel 305-779-08100
*Attorney for Norberto Julio Chirkes*
**(Served via CM/ECF)**

Warren P. Gammill
44 W. Flagler Street
Courthouse Tower, Suite 1050
Miami, FL 33130
Tel. 305-579-0000
Fax. 305-371-6927
gammill@miamilawoffice.com
*Attorney for Catalina Performance Accessories, Inc.*
**(Served via CM/ECF)**