UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20528-CIV-ALTONAGA/Brown

FUSILAMP, LLC, *et al.*,

      Plaintiffs,

vs.

LITTELFUSE, INC., *et al.*,

      Defendants.

_____/

**ORDER**

**THIS CAUSE** came before the Court upon Plaintiff, Fusilamp, LLC's Motion for Preliminary Injunction ("Motion") [ECF No. 41], filed June 24, 2010. Fusilamp, LLC ("Fusilamp USA") requests the Court enjoin Defendants, Littelfuse, Inc. ("Littelfuse") and Catalina Performance Accessories, Inc. ("Catalina"), from infringing United States Patent No. 5,598,138 (the "'138 Patent"). Also pending before the Court is Plaintiffs' Renewed Motion for Leave of Court to File a (sic) Previously Unknown Supporting Material in Support of Its Reply to Its Motion for Preliminary Injunction (the "Renewed Motion") [ECF No. 96], filed on August 30, 2010. The Court has considered the Motion, the Renewed Motion, the parties' written submissions, and applicable law.

## I. BACKGROUND

This case arises from a dispute over the validity of and ownership rights to the '138 Patent, which was originally filed in the United States Patent and Trademark Office ("PTO") on January 3,

Case No. 10-20528-CIV-ALTONAGA/Brown

1995 and issued on January 28, 1997. (*See* Second Am. Compl. ¶ 14 [ECF No. 44]; United States Patent ("U.S. Patent") 1 [ECF No. 70-1]). The '138 Patent technology indicates the failure of a blade fuse, typically used in automobiles, by illumination.[1] Fusilamp USA initially filed its Complaint [ECF No. 1] alleging patent infringement, declaratory judgment, and breach of contract on February 19, 2010. Shortly thereafter, Littelfuse filed a request for an *ex parte* re-examination of the '138 Patent with the PTO, raising a number of claims challenging the validity of the '138 Patent. (*See* Order Granting Reexamination ("PTO Order") 4–5 [ECF No. 70-8]). On May 20, 2010, the PTO agreed to re-examine all the requested claims. (*See id.* 5). Fusilamp then amended its Complaint in June 2010 [ECF No. 36].

On July 1, 2010, Fusilamp USA and Fusilamp, S.A. ("Fusilamp Panama") (collectively, "Plaintiffs") filed a Second Amended Complaint alleging nine counts against six Defendants. The Plaintiffs seek a declaratory judgment against Defendant, Norberto Julio Chirkes ("Chirkes") (Count I); restitution from Chirkes (Count II); patent infringement against Catalina, Littelfuse, Advanced Auto Parts, Inc. ("Advanced Auto"), Autozone, Inc. ("Autozone"), and Pep Boys–Manny, Moe & Jack, Inc. ("Pep Boys") (Counts III–IV, VII–IX, respectively); breach of contract against Littelfuse (Count V); and false marketing against Catalina and Littelfuse (Count VI). (*See* Second Am. Compl. ¶¶ 39–86).

On June 24, 2010, Fusilamp USA filed this Motion "to curtail the continuing illegal and profitable use of Fusilamp USA's technology by Defendants." (Mot. 3). Specifically, Fusilamp

---

[1] For a more detailed recitation of the background of this case, *see Fusilamp, LLC v. Littelfuse, Inc.*, No. 10-20528-CIV, 2010 WL 2277545, at *1–2 (S.D. Fla. June 7, 2010).

Case No. 10-20528-CIV-ALTONAGA/Brown

USA requests a preliminary injunction to prevent Littelfuse and Catalina from "infringing upon the

'138 Patent during the duration of this litigation." (*Id.* 11).

## II.  LEGAL STANDARD

To prevail on a motion for preliminary injunction, a plaintiff must show:

(1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

*N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1217 (11th Cir. 2008) (quoting

*Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246–47 (11th Cir.

2002)).  "It is well established in this circuit that '[a] preliminary injunction is an extraordinary and

drastic remedy not to be granted unless the movant clearly established the burden of persuasion' as

to all four elements." *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1300 (11th Cir. 2001)

(quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotation marks omitted)).

The failure of the movant to establish even one of the four factors "would, standing alone, make

preliminary injunctive relief improper." *Siegel*, 234 F.3d at 1176–77 (citations omitted).

## III.  ANALYSIS

Fusilamp USA asserts a preliminary injunction should issue because it has met each of the

four required factors.  (*See* Mot. 4).  According to Fusilamp USA, it meets the first factor – a

substantial likelihood of success on the merits of the underlying claim – because the '138 Patent is

Case No. 10-20528-CIV-ALTONAGA/Brown

valid and is being infringed by Littelfuse.[2]  (*See id.* 5–7).  In rebuttal, Littelfuse maintains Fusilamp

USA cannot show a substantial likelihood of success because (1) the '138 Patent is invalid in view

of prior art, and (2) even if the '138 Patent is valid, Littelfuse is not infringing the patent because it

received a license to the '138 Patent from Chirkes.  (*See* Resp. 11–13 [ECF No. 70]).  A plaintiff

alleging patent infringement demonstrates a substantial likelihood of success by showing: (1) the

patent is likely to withstand a challenge to its validity; and (2) the plaintiff will likely prove the

defendant is infringing the patent.  *See Amazon.com v. Barnesandnoble.com, Inc.*, 239 F.3d 1343,

1350 (Fed. Cir. 2001).  Because the following analysis concludes Fusilamp USA has not established

a substantial likelihood of success on the merits of the underlying claim, this is the only factor

considered by the Court.

**Patent Injunctions and the Burden-Shifting Framework**

Fusilamp USA maintains the '138 Patent is likely to withstand a challenge to its validity

solely because "a patent is presumed valid, and this presumption exists at every stage of the

litigation." *Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1088 (Fed. Cir. 1998).

(*See* Mot. 5).  In response, Littelfuse attempts to rebut that presumption by pointing to the

reexamination order granted by the PTO and examples of prior art that undermine the patentability

of an integrated light-emitting fault indicator fuse.  (*See* Resp. 12–21).

At a trial to determine the validity of a patent, a patent is presumed valid, *see* 35 U.S.C. §

282, and the burden is placed on the alleged patent infringer to overcome the presumption by clear

---

[2] Although there are nine counts in the Second Amended Complaint, the parties devote their
discussion concerning the substantial likelihood of success to the merits of the claim of patent infringement
only.

4

Case No. 10-20528-CIV-ALTONAGA/Brown

and convincing evidence. *See Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1379–80 (Fed. Cir. 2009).  However, this is not the burden an alleged infringer must meet when it defends against a motion for preliminary injunctive relief; the alleged infringer must only establish the existence of a substantial question as to the invalidity of the patent.  *See New England Braiding Co., Inc. v. A.W. Chesterton Co.*, 970 F.2d 878, 882 (Fed. Cir. 1992).  As it has been described, the burden is merely to show "vulnerability" of the patent at the preliminary injunction stage – not to establish the patent's "invalidity." *See Amazon.com*, 239 F.3d at 1359 (noting the alleged infringer's burden requires less proof than clear and convincing).

Once the alleged infringer establishes there is a substantial question as to the validity of the patent, the burden then shifts to the patentee who must show it will likely succeed at trial.  *See New England Braiding Co.*, 970 F.2d at 882.  "While it is not the patentee's burden to prove validity, the patentee must show that the alleged infringer's defense lacks substantial merit." *Id.* at 883.  "In other words, if [the alleged infringer] raises a 'substantial question' concerning validity, enforceability, or infringement (*i.e.*, asserts a defense that [the patentee] cannot show 'lacks substantial merit') the preliminary injunction should not issue." *Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997) (quoting *New England Braiding Co.*, 970 F.2d at 882); *see also In re: Terazosin Hydrochloride Antitrust Litig.*, 352 F. Supp. 2d 1279, 1302 (S.D. Fla. 2005).  For purposes of this analysis, "the presumption [of validity] does not relieve a patentee who moves for a preliminary injunction from carrying the normal burden of demonstrating it will likely succeed on all disputed liability issues at trial, *even where the issue concerns the patent's validity*." *Genentech, Inc.*, 108 F.3d at 1364, n.2 (quoting *New England Braiding Co.*, 970 F.2d at 882) (emphasis added).

5

Case No. 10-20528-CIV-ALTONAGA/Brown

As Fusilamp USA correctly notes, "the Court is not required to determine the scope of the patent claims conclusively" at this stage of the litigation.  (Mot. 6 (citing *Sofamor Danek Grp., Inc. v. DePuy-Motech, Inc.*, 74 F.3d 1216, 1221 (Fed. Cir. 1996)).  However, a district court must "make an assessment of the persuasiveness of the challenger's evidence, recognizing that it is doing so without all evidence that may come out at trial."  *New England Braiding Co.*, 970 F.2d at 882–83.

1.      **Littelfuse's Burden: Are There Substantial Questions Regarding the Validity of the '138 Patent?**

Littelfuse presents evidence to suggest there are substantial questions regarding the validity of the '138 Patent.  First, Littelfuse points to the decision by the PTO to reexamine the '138 Patent.  (*See* Resp. 5–6).  While the PTO's decision to reexamine the '138 Patent is not dispositive on the issue of validity, it "is relevant to whether a substantial question of invalidity has been raised." *Everett Laboratories, Inc. v. River's Edge Pharms, LLC.*, No. 09-3458 (JLL), 2009 WL 4508584, at *3 (D.N.J. Nov. 24, 2009) (citing *Proctor & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848 (Fed. Cir. 2008); *Amazon.com*, 239 F.3d at 1350-51).  The standard for reexamination by the PTO is met when "there is a substantial likelihood that a reasonable examiner would consider the prior art patent or printed publication *important* in deciding whether or not the claim is patentable."  *Proctor & Gamble Co.*, 549 F.3d at 848 (quoting MANUAL OF PATENT EXAMINATION AND PROCEDURE § 2642 (8th ed. Rev. 7 2008)).[3]

---

[3]  As Littelfuse observes, Fusilamp USA conflates the *Proctor & Gamble Co.* court's distinction between the "substantial likelihood"standard employed by the PTO in making its decision to reexamine a patent with the clear and convincing requirement imposed on a challenge to the patent on the merits.  549 F.3d at 848; *see also Titan Tire Corp.*, 566 F.3d at1380 ("We reiterate that the 'clear and convincing' standard regarding the challenger's evidence applies only at trial on the merits, not at the preliminary injunction stage.").  (*See* Mot. 6–7; Resp. 6 n.1).

Case No. 10-20528-CIV-ALTONAGA/Brown

The decision by the PTO to grant an ex parte reexamination of the '138 Patent states: "A substantial new question of patentability (SNQ) affecting claims 1-17 of [the '138 Patent] . . . is raised by the present request for ex *partes* reexamination . . . ." (PTO Order 5).  In arriving at its reexamination decision, the PTO considered the prosecution history of the '138 Patent and recognized a lack of clarity regarding an amendment to the original application as well as certain statements made by the patent applicant as to the novelty of the incorporated light-emitting electrical device. (*See id.* 6–9).  The PTO concluded "any reference or combination of references that includes a teaching recited in a base patent claims raise (sic) a substantial new question of patentability where such teaching is not seen to be cumulative of the teaching of the prior arts of record." (*Id.* 9).  That the PTO has ordered a reexamination of the '138 Patent on grounds of patentability supports Fusilamp's assertion of a substantial question regarding the patent's validity.

For the Court's independent examination, Littelfuse also puts forth eight examples of prior art as evidence raising substantial questions concerning the validity of the '138 Patent. (*See* Resp. 5–14).  A patent is invalid if it is either anticipated or obvious in view of prior art.  *See* 35 U.S.C. §§ 102, 103 (2008).  A patent is anticipated "if a single prior art reference discloses each and every limitation of the claimed invention," either expressly or inherently.  *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003).  Obviousness requires an analysis of (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) objective evidence of non-obviousness.  *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007).  Additionally, "[t]he combination of familiar

elements according to known methods is likely to be obvious when it does no more than yield predictable results." *Id.* at 416.

To establish substantial questions exist regarding the validity of the '138 Patent, Littelfuse offers as evidence the Fuse Eye Brochure [ECF No. 70-12], the Greenberg Patent [ECF No. 70-13], the Lo Patent [ECF No. 70-14] , the Hwang Patent [ECF No. 70-15], the Leal Patent [ECF No. 70-16], the Bosley Patent [ECF No. 70-17], the Falchetti European Patent Application Publication [ECF No. 70-18], the LED Alert Patent [ECF No. 70-19], the Pimpis Patent [ECF No. 70-20], the Ball Patent [ECF No. 70-21], the Lopes Patent [ECF No. 70-22], and the Morrill, Jr. Patent [ECF No. 70-23]. (*See* Resp. 7–14). Each of these references constitutes prior art as each was issued or published prior to January 3, 1995, the date the '138 Patent was filed. (*See* U.S. Patent 2). Littelfuse also offers the Declaration of Juergen Scheele, Littelfuse's Global Director of Product Technology and Development, who states "that all of the elements of Claims 1-17 of the '138 Patent are found in theses (sic) publications and patents." (Scheele Decl. ¶ 17 [ECF No. 70-9]).

The Court's review of this evidence simply confirms the conclusion of the PTO's reexamination order – substantial questions do exist as to the '138 Patent's validity. By way of example,[4] the Fuse Eye Brochure seems to anticipate Claims 1-5, 7-10 and 12 of the '138 Patent. (*See* Scheele Decl. ¶¶ 18-19; *compare* Fuse Eye Brochure 4, Figs. 1-5, *with* U.S. Patent 7–8 (both showing light-emitting diodes which are activated when blade fuse fails by way of a resistor between

---

[4] Littelfuse's Response raises sixteen grounds and includes a recitation of the technical details regarding each of the prior art references, all of which go to support its assertion that a substantial question exists as to the validity of the '138 Patent. (*See* Resp. 7–14).

Case No. 10-20528-CIV-ALTONAGA/Brown

the fuse blades and diodes)).  In all, Littelfuse presents sixteen separate grounds that, individually

and cumulatively, raise substantial questions as to the validity of claims underpinning the '138

Patent.  When considered with the reexamination order issued by the PTO, Littelfuse has met its

burden in establishing substantial questions exist as to the validity of the '138 Patent.

**2.     Fusilamp USA's Burden: Does Littelfuse's Defense Lack Substantial Merit?**

The Court must next consider any rebuttal evidence presented by Fusilamp USA to determine

if Littelfuse's invalidity defense "lacks substantial merit." *Titan Tire Corp.*, 566 F.3d at 1378–79.

Fusilamp USA not only fails to respond to Littelfuse's legal arguments and factual references

regarding the validity of the patent, it flatly refuses to do more than rest on the presumption of

validity in its Reply.  (*See* Reply 7).  "Fusilamp will not address the individual references . . . because

it believes the proper venue to evaluate these references is before the PTO during its re-examination

proceedings."  (*Id.*).  To its detriment, Fusilamp misunderstands the burden it must shoulder in

moving for a preliminary injunction.  In doing so, it has failed to rebut the substantial question of

validity raised by Littelfuse.  The supporting material offered in Plaintiffs' Renewed Motion also

fails to address Littelfuse's invalidity defense.  For these reasons, Fusilamp "has not succeeded in

showing it is likely to succeed at trial on the merits of the validity issue." *Titan Tire Corp.*, 566 F.3d

at 1379.

**IV.  CONCLUSION**

Because Fusilamp has failed to show it is likely to succeed at a trial on the merits of the

validity of the '138 Patent, it is hereby

**ORDERED AND ADJUDGED** as follows:

9

Case No. 10-20528-CIV-ALTONAGA/Brown

1.  Plaintiffs' Motion for Preliminary Injunction **[ECF No. 41]** is **DENIED**.

2.  Plaintiffs' Renewed Motion for Leave of Court to File a (sic) Previously Unknown Supporting Material in Support of Its Reply to Its Motion for Preliminary Injunction **[ECF No. 96]** is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of August, 2010.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

10