## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISON

| | | |
|---|---|---|
| **FUSILAMP, LLC AND** | ) | |
| **FUSILAMP S.A.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 10-cv-20528-CMA |
| v. | ) | |
| | ) | |
| **LITTELFUSE, INC. ET. AL,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>LITTELFUSE, INC'S MOTION TO DISMISS FOR IMPROPER VENUE</u>

Defendant Littelfuse, Inc. files this Motion to Dismiss for Improper Venue in light of the Supreme Court's May 22, 2017 decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC,* 581 U.S. __ , 2017 U.S. LEXIS 3213 (2017).  The Supreme Court held that patent infringement actions may be brought only in (1) any venue in the defendant's state of incorporation; or (2) any venue in which the defendant has a regular and established place of business.  Littelfuse is not incorporated in Florida, does not have a place of business anywhere in the state, and does not have any employees within this District. Accordingly, this Court should dismiss Plaintiff's claims against Littelfuse and vacate the September 9, 2010 Order referring Plaintiff's claims against Littelfuse to arbitration.

### I.      Factual Background

Plaintiffs Fusilamp, LLC and Fusilamp S.A. (collectively, "Fusilamp") initiated this action on February 19, 2010 against Littelfuse, Catalina Performance Accessories, Inc. ("Catalina") and others. (Docket No. 1).  The Second Amended Complaint includes counts for patent infringement and false marking against Littelfuse. Second Amended Complaint at Counts IV and VI. (Docket

No. 44).[1]  Littelfuse filed its Answer to the Second Amended Complaint on July 15, 2010.  (Docket

No. 60).   Littelfuse's Fourteenth Affirmative Defense is, "Plaintiffs claim fails because the

Southern District of Florida is an improper venue."  *Id.*  Also on July 15, 2010, Catalina filed a

motion to compel arbitration of Fusilamp's claims against Catalina and Littelfuse  based on a

license agreement between Catalina and Fusilamp.  (Docket No. 62).  On September 9, 2010, this

Court granted Catalina's motion, referring the claims against Catalina and Littelfuse to arbitration

and staying the case pending the outcome of arbitration.  (Docket No. 103).  In October 2012,

Fusilamp initiated arbitration against Littelfuse. The arbitration is ongoing.

## II.      The Relevant Law

### A.      Background

Before the *TC Heartland* decision, a plaintiff could bring a patent infringement action

anywhere the defendant was subject to personal jurisdiction, pursuant to 28 U.S.C. § 1400(b) and

28 U.S.C. § 1391(c).  Section 1400(b) provides:

> Any civil action for patent infringement may be brought in the judicial district
> where the defendant resides, or where the defendant has committed acts of
> infringement and has a regular and established place of business.

Section 1391(c) provides that a defendant shall be deemed to reside in any judicial district in which

the defendant is subject to personal jurisdiction.  In *VE Holding Corp. v. Johnson Gas Appliance*

*Co.*, 917 F.2d 1574 (1990), the Federal Circuit held that Section 1391(c) applied to Section

1400(b), which meant that a defendant could bring an action for patent infringement anywhere the

defendant was subject to personal jurisdiction.

---

[1] Count V alleges breach of contract against Littelfuse based on a patent license agreement between Fusilamp and Catalina; however, during the arbitration the parties agreed that Littelfuse never was a party to that agreement. Moreover, this Court is not a proper venue for Fusilamp's patent claims against Littelfuse regardless of whether Fusilamp has any state law claim against Littelfuse.  *Vivant Pharms., LLC v. Clinical Formula, LLC*, 20111 U.S. Dist. LEXIS 37343, *23 (S.D. Fla. Mar. 31, 2011) (granting motion to transfer based on improper venue where the United States District Court for the Southern District of Florida was not a proper venue for plaintiff's patent and trademark claims, even though venue within this District may have been appropriate for plaintiff's state law claims).

### B.      The *TC Heartland* Decision

On May 22, 2017, in *TC Heartland*, the Supreme Court reversed *VE Holding.* The Court held that  28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions.  *TC Heartland*, 2017 U.S. LEXIS 3213 at **12-17.  The Supreme Court held further that domestic corporations reside, for the purposes of Section 1400(b), only in their state of incorporation. *Id*. Accordingly, a patent infringement action can only be brought in (1) a judicial district in the defendant's state of incorporation; or (2) where the defendant has a "regular and established place of business." *Id*.

The decision in *TC Heartland* applies retroactively to all currently pending patent cases. *Harper v. VA Dept. of Taxation*, 509 U.S. 86, 97 (1994). ("When [the Supreme Court] applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.").  This means any patent infringement action pending in a district where venue is improper under *TC Heartland* should be dismissed.

## III.      Argument

Under *TC Heartland*, this District inarguably is not a proper venue for Fusilamp's claims against Littelfuse.  Littelfuse is incorporated in Delaware, and Littelfuse does not maintain any place of business in this District, much less a "regular and established" place of business." Specifically, Littelfuse does not have any office anywhere in the state of Florida and Littelfuse has just one employee in Florida, who works and lives in Orlando. Affidavit of Ryan Stafford (attached hereto) at ¶¶ 3-4.

The fact that this matter already has been referred to arbitration does not preclude this Court from dismissing the Second Amended Complaint against Littelfuse for improper venue. *Golden Eagle USA v. Consolidated Indus. Corp.*, 161 Fed. Appx. 949, 940 (Fed. Cir. 2006). In *Golden Eagle*, the district court initially issued an order compelling arbitration. The defendant appealed the district court's decision to the Federal Circuit based on lack of standing. *Golden Eagle*, 161 Fed. Appx. at 950. The Federal Circuit found that "standing to assert a patent infringement claim is a jurisdictional requirement that must exist before a tribunal can address the merits of the claim," and that if the plaintiff "does not have standing to bring this patent infringement action, [the district court] must dismiss the complaint." The Federal Circuit found further that, "[i]f the complaint is dismissed, the court obviously does not have the authority to compel arbitration." Accordingly, the Federal Circuit vacated the order to arbitrate and remanded the case to the district court.

Venue, like jurisdiction, is a threshold issue that must be addressed before a court can address any merits-based argument. *See e.g.*, *Edme v. Internet Brands, Inc.*, 968 F. Supp. 2d 519 n. 4 (E.D.N.Y. 2013) ("It is well-settled that a court should resolve issues of jurisdiction and venue before addressing merits-based arguments."). Respectfully, like the district court in *Golden Eagle*, this Court does not have the authority to compel arbitration of the claims against Littelfuse if the Second Amended Complaint against Littelfuse is dismissed for improper venue. Because venue is improper in this District, the Second Amended Complaint against Littelfuse must be dismissed, and this Court should vacate the order compelling arbitration of the claims against Littelfuse.

**IV.    Conclusion**

For the reasons set forth above, Defendant Littelfuse, Inc. respectfully requests that this Court dismiss the Second Amended Complaint against to Littelfuse and vacate its September 9, 2010 Order compelling arbitration of the claims against Littelfuse.

Dated: June 9, 2017                    By: /s/ Nathaniel M. Edenfield
                                                  Manuel A. Garcia-Linares, Esq.
                                                  Florida Bar No.: 985252
                                                  mlinares@richmangreer.com
                                                  Nathaniel M. Edenfield
                                                  Florida Bar No.: 91034
                                                  nedenfield@richmangreer.com
                                                  Richman Greer, P.A
                                                  396 Alhambra Circle
                                                  North Tower – 14th Floor
                                                  Miami, FL 33134
                                                  Telephone: (305) 373-4000
                                                  Facsimile: (305) 373-4099
                                                  ***Counsel for Littelfuse, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2017, I electronically filed the foregoing document with the

Clerk of the Court using CM/ECF and served copies this day on all counsel of record identified

below via transmission of Notices of Electronic Filing generated by CM/ECF:

Mario S. Golab
Intellectual Property Business Consultants, PLLC
ADR/Litigation Department
1413 Santa Cruz Avenue
Coral Gables, FL 33134
Telephone: (305) 720-2080
Email: drgolab@themindharvesters.com
***Counsel for Plaintiffs Fusilamp, LLC and Fusilamp S.A.***

Jonathan B. Morton, Esq.
K&L Gates, LLP
Wachovia Financial Center
200 S. Biscayne Blvd., Suite 3900
Miami, FL 33131-2300
Telephone: (305) 539-3357
Email: jonathan.morton@klgates.com

and

Patricia Kane Schmindt (pro hac vice)
K&L Gates LLP
Three First National Plaza
70 West Madison Street, Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121
Email: patricia.schmidt@klgates.com

Andrew R. Herron
Herron Ortiz
255 Alhambra Circle, Suite 1060
Coral Gables, FL 33134
Telephone: (305)779-8100
Email: aherron@herronortiz.com
***Counsel for Norberto Julio Chirkes***

Warren P. Gammill
Courthouse Tower
44 W. Flagler Street, Suite 1050
Miami, FL 33130
Telephone: (305) 579-0000
Email: gammill@miamilawoffice.com
***Counsel for Catalina Performance Accessories, Inc.***

Jonathan B. Morton, Esq.
K&L Gates, LLP
Wachovia Financial Center
200 S. Biscayne Blvd., Suite 3900
Miami, FL 33131-2300
Telephone: (305) 539-3357
Email: jonathan.morton@klgates.com
***Counsel for Advance Auto Parts, Inc.***

Jonathan B. Morton, Esq.
K&L Gates, LLP
Wachovia Financial Center
200 S. Biscayne Blvd., Suite 3900
Miami, FL 33131-2300
Telephone: (305) 539-3357
Email: jonathan.morton@klgates.com
***Counsel for Autozone, Inc***

Jonathan B. Morton, Esq.
K&L Gates, LLP
Wachovia Financial Center
200 S. Biscayne Blvd., Suite 3900
Miami, FL 33131-2300
Telephone: (305) 539-3357
Email: jonathan.morton@klgates.com
***Counsel for Pep Boys-Manny, Moe & Jack, Inc.***

By:  /s/ Nathaniel M. Edenfield
Nathaniel M. Edenfield