UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

| | |
|---|---|
| **FUSILAMP, LLC AND** )<br>**FUSILAMP S.A.,** )<br>       )<br>     Plaintiffs, )<br>       )<br>   v.   )<br>       )<br>**LITTELFUSE, INC. ET. AL,** )<br>       )<br>     Defendants. )<br>_____ ) | Case No. 10-20528-CMA |

**LITTELFUSE, INC'S MOTION TO LIFT STAY AND
RENEWED MOTION TO DISMISS FOR IMPROPER VENUE**

Defendant Littelfuse, Inc. ("Littelfuse) hereby files this (1) Motion to Lift the Stay Pending the Outcome of Arbitration entered on September 9, 2010 (Docket No. 103); and (2) Renewed Motion to Dismiss Plaintiffs' claims against Littelfuse for Improper Venue.

**I.     Background**

The factual and procedural background is as follows:

- Plaintiffs Fusilamp, LLC and Fusilamp S.A. (collectively, "Fusilamp") initiated this action on February 19, 2010 against Littelfuse, Catalina Performance Accessories, Inc. ("Catalina") and others. (Docket No. 1). The Second Amended Complaint includes counts for patent infringement and false marking against Littelfuse. Second Amended Complaint at Counts IV and VI. (Docket No. 44). [1]

- Littelfuse filed its Answer to the Second Amended Complaint on July 15, 2010. (Docket No. 60). Littelfuse's Fourteenth Affirmative Defense is, "Plaintiffs claim fails because the Southern District of Florida is an improper venue." *Id.*

---

[1] Count V alleges breach of contract against Littelfuse based on a patent license agreement between Fusilamp and Catalina; however, during the arbitration the parties agreed that Littelfuse never was a party to that agreement. Moreover, this Court is not a proper venue for Fusilamp's patent claims against Littelfuse regardless of whether Fusilamp has any state law claim against Littelfuse. *Vivant Pharms., LLC v. Clinical Formula, LLC*, 2011 U.S. Dist. LEXIS 37343, *23 (S.D. Fla. Mar. 31, 2011) (granting motion to transfer based on improper venue where the United States District Court for the Southern District of Florida was not a proper venue for plaintiff's patent and trademark claims, even though venue within this District may have been appropriate for plaintiff's state law claims).

- Also on July 15, 2010, Catalina filed a motion to compel arbitration of Fusilamp's claims against Catalina and Littelfuse based on a license agreement between Catalina and Fusilamp.  (Docket No. 62).

- On September 9, 2010, this Court granted Catalina's motion, referring the claims against Catalina and Littelfuse to arbitration and staying the case pending the outcome of arbitration.  (Docket No. 103).

- In October 2012, Fusilamp initiated arbitration against Littelfuse. On June 13-14, 2017, the sole arbitrator held a hearing in New York on Fusilamp's patent claims.  The arbitrator has not yet issued a decision, and the parties post-hearing briefing is due on July 13, 2017.

- On June 9, 2017, in this action, Littelfuse filed a Motion to Dismiss for Improper Venue in light of the Supreme Court's May 22, 2017 decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC,* 581 U.S. __, 2017 U.S. LEXIS 3213 (2017) ("Motion to Dismiss") (Docket No. 105).

As Littelfuse explained in its Motion to Dismiss, in *TC Heartland*, the Supreme Court held that a plaintiff may only bring a patent action in a judicial district (1) in the defendant's state of incorporation or (2) where the defendant has a regular and established place of business.  *TC Heartland*, 2017 U.S. LEXIS 3213 at *12-17.  Because Littelfuse is incorporated in Delaware and does not maintain any place of business in Florida, Littelfuse argued, venue in this District is improper and this Court should dismiss the claims against Littelfuse.  Motion to Dismiss at 4.  This Court recognized that "the decision in *TC Heartland* applies retroactively to all currently pending patent cases" but nonetheless denied Littelfuse's Motion to Dismiss on the grounds that this case is currently stayed pending arbitration. June 13, 2017 Order at 1 (Docket No. 106).

Littelfuse now asks this Court to lift the stay, vacate the order compelling arbitration, and dismiss Fusilamp's claims against Littelfuse for the reasons set forth in Littelfuse's Motion to Dismiss and set forth further herein.

**II.    Argument**

This Court has the inherent authority both to lift stays and vacate prior orders if there has been a change in circumstances or law such that a stay or prior order is no longer warranted. *Agostini v. Felton*, 521 U.S. 203, 236 (1997) (court may revisit prior orders based on intervening change in law); *Rohm and Hass Co. v. Brotech Corp.*, 1992 U.S. Dist. LEXIS 21721, *6-7 (D. Del. Jul. 16, 1992) (court has inherent authority to lift stay).  Littelfuse requests that this Court exercise its authority to lift the stay and vacate the order compelling arbitration, because, in light of the change in law announced in *TC Heartland*, that order is void.

An order or judgment issued by a district court where venue is improper is void. *Leroy v. Olberding v. Illinois Cent. R. Co.*, 346 U.S. 338, 342 (1953) (reversing jury verdict due to improper venue); *Gogolin & Stelter v. Karn's Auto Import's, Inc.*, 886 F.2d 100, 104 (5th Cir. 1989) (same); *SEC v. Johnson*, 650 F.3d 710, 716 (D.C. Cir. 2011) (reversing judgment of district court and instructing district court to dismiss case because venue was not proper in the district); *see also Golden Eagle USA v. Consolidated Corp.,* 161 Fed. Appx. 949, 950 (Fed. Cir. 2006) (vacating order compelling arbitration so that district court could determine whether plaintiff had standing); *Lower Colo. River Authority v. Papalote Creek II, LLC*, 2017 U.S. App. LEXIS 9620, *23 (5th Cir. May 31, 2017) (vacating order compelling arbitration because district court lacked jurisdiction over claim).  Accordingly, because *TC Heartland* applies retroactively to render this District an improper venue for Fusilamp's claims against Littelfuse, this Court's order compelling Littelfuse to arbitrate is, respectfully, void. *See Harper v. VA Dept. of Taxation*, 509 U.S. 86, 97 (1993); June 13, 2017 Order at 1.

The fact that Fusilamp and Littelfuse have almost completed arbitration does not alter this result.  In *Papalote*, for instance, the Fifth Circuit vacated the order compelling arbitration even

though the parties already had completed arbitration, finding that the fact that the parties had "fully arbitrated the underlying dispute" did not alter the fact the district court lacked jurisdiction to compel arbitration and that its order compelling arbitration was therefore void. 2017 U.S. App. LEXIS 9620 at *23.  Similarly, here, the fact that the arbitrator has already held a hearing on Fusilamp's claims does not change the fact that this Court's order compelling arbitration is void based on improper venue.

### III.     Conclusion

For the reasons set forth in Littelfuse's Motion to Dismiss (Docket No. 105) (which is incorporated by reference herein) and above, Littelfuse respectfully requests that this Court (1) lift the stay of Fusilamp's claims against Littelfuse; (2) vacate the order compelling arbitration as to Fusilamp's claims against Littelfuse; and (3) dismiss Fusilamp's claims against Littelfuse for improper venue.

Dated: June 26, 2017

By: */s/ Nathaniel M. Edenfield*
Manuel A. Garcia-Linares, Esq.
Florida Bar No.: 985252
mlinares@richmangreer.com
Nathaniel M. Edenfield
Florida Bar No.: 91034
nedenfield@richmangreer.com
Richman Greet, P.A.
365 Alhambra Circle
North Tower – 14th Floor
Miami, FL 33134
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

/s/ *Matthew S. Barrett*
Paul D. Popeo (*pro hac to be filed*)
ppopeo@choate.com
Matthew S. Barrett (*pro hac to be filed*)
mbarrett@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
(617) 248 - 5000

**Counsel for Littelfuse, Inc.**