UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20528-CIV-ALTONAGA/Brown

FUSILAMP, LLC, et al.,

Plaintiffs,

vs.

LITTELFUSE, INC., et al.,

Defendants.
_____/

## MOTION TO CONFIRM THE ARBITRATION AWARD
## PURSUANT TO 9 U.S.C. § 207

Plaintiffs respectfully move this Court for an order and judgment confirming the November 9, 2017 arbitration award in American Arbitration Association Case No. 13-20-1200-2324 (the "Award"[1]).

### I. SUMMARY OF MOTION

This is a motion filed pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (FAA), to confirm the Final Award issued by the one-person arbitration panel sitting in New York City.

For the reasons detailed herein and in the accompanying Memorandum in Support of Plaintiffs' Motion to Confirm Final Arbitration Award Pursuant to 9 U.S.C. § 207, Plaintiffs are entitled to confirmation of the Award and entry of final judgment in conformity with the Award. A Proposed Order stating the relief sought in this application is submitted herewith.

---

[1] The Award is Exhibit A, signed by Thomas L. Creel on November 9, 2017.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

1. In 1997 by the United States Patent and Trademark Office ("PTO") issued to Joseph P. Jaronczyk, Jr. ("Mr. Jaronczyk"), the '138 Patent is for a "Fault-Indicating Blade Fuse," an innovative fuse typically used in automotive applications to indicate failure by illumination. (See Second Am. Compl. ¶ 14 [ECF No. 44]).

2. Mr. Jaronczyk later sold the '138 Patent, in equal parts, to Miguel Angel Gianelli ("Gianelli") and Norberto Julio Chirkes ("Chirkes"). (See id. ¶ 15).

3. In September 2001, Chirkes sold his fifty percent interest in the '138 Patent to Fusilamp Panama, but subsequently, in 2002, granted Catalina an exclusive license to the '138 Patent. (See id. ¶¶ 19, 21). Litigation ensued between Fusilamp Panama, Gianelli and Catalina over the parties' rights to the '138 Patent. (See id. ¶ 22).

4. In October 2003, the parties enter into a binding settlement agreement (the "Agreement") before the United States District Court for the Southern District of New York. (See id.). The Agreement was read into the record by Magistrate Judge Andrew J. Peck, and the parties assented to the Agreement on the record. (See Mot. Ex. A ("Tr.") 3:1–16:2 [ECF No. 62-1]). Under the terms of the Agreement, Catalina received an exclusive license ("License") from Fusilamp Panama to manufacture, market, distribute, and sell fuses utilizing the '138 Patent's technology in the United States. (See id. 3:16–19).

5. The parties also agreed to negotiate any disagreement in good faith, but if negotiations proved unsuccessful, to submit "any dispute arising between [the] parties under this license agreement and settlement agreement . . . [to] arbitration by a single arbitrator under the auspices of the American Arbitration Association out of their arbitration office in New York City." (Id. 5:24–6:3).

6. In exchange for the License, Catalina agreed to pay monthly royalty payments of $5,000 to Gianelli and Fusilamp Panama. (*See id*. 3:20–25). The License was to be in effect for the duration of the '138 Patent, however, the License could also be terminated if Catalina's payments were 75 days in arrears, provided Gianelli and Fusilamp Panama first notified Catalina and allowed Catalina five business days to cure its default. (See id. 3:16–19, 10:16–23).

7. In April 2006, Catalina notified Gianelli it was planning to initiate a patent infringement suit against Littelfuse and would be withholding monthly royalty payments to offset the incurred and expected litigation costs. (*See* Second Am. Compl. ¶¶ 25–26). However, a few months later, Catalina was acquired by Littelfuse for $4.5 million. (See id. ¶¶ 29–30).

8. On July 1, 2006, Fusilamp Panama and Gianelli did not receive the monthly royalty payment. (See id. ¶ 31). On January 25, 2010, Fusilamp Panama notified Littelfuse and Catalina the License was terminated and recorded the release with the PTO. (See id. ¶¶ 35–36).

9. On February 19, 2002, Fusilamp USA initially filed its Complaint [ECF No. 1] alleging patent infringement, declaratory judgment, and breach of contract on February 19, 2010.

10. On July 1, 2010, after filing an amended complaint, Fusilamp USA and Fusilamp Panama filed a Second Amended Complaint alleging nine counts against six defendants.

11. The Plaintiffs seek declaratory judgment and restitution against Chirkes[2] (Counts I and II); patent infringement against Catalina, Littelfuse, Advanced Auto Parts, Inc. ("Advanced Auto"), Autozone, Inc. ("Autozone"), and Pep Boys–Manny, Moe & Jack, Inc. ("Pep Boys") (Counts III–IV, VII–IX, respectively); breach of contract against Littelfuse (Count V); and false marketing against Catalina and Littelfuse (Count VI). (See id. ¶¶ 39–86).

12. Pursuant to the arbitration clause of the Agreement, Catalina (now owned by Littelfuse) petitioned to compel arbitration in New York and this Court granted for Fusilamp to

---

[2] Chirkes was dismissed from the case without prejudice [ECF No. 99] on September 1, 2010.

arbitrate the claims against Littelfuse and Catalina and to stay the litigation against all the other defendants pending the outcome of the arbitration. [ECF No. 103]

13. In its Order, this Court stated that to conserve judicial resources, "If the arbitrator finds Littelfuse is not infringing the '138 Patent, then neither are the other Defendants," or if the arbitrator found that the '138 patent is infringing the other Defendants infringe as well. (See id. C ¶¶ 9). Well, he did.

### III. CONFIRMATION OF THE ARBITRATION AWARD

A hearing before the AAA tribunal was held in New York City on June 13 and 14, 2017. The issues presented were patent infringement and validity, damages, enhanced damages under 35 U.S.C. Sec. 284, attorney fees under 35 U.S.C. Sec. 285, costs and interest.

Over a 7-year period, the Tribunal considered all of the evidence presented during the hearing, as well as the pre-hearing and post-hearing briefs and exhibits submitted, including all written witness statements and exhibits[3]. The '138 Patent went through not one, but three reexaminations at the USPTO confirming that Claims 7 and 17 were patentable and that the '138 Patent was valid.

After considering all of the evidence presented, the Tribunal found the following:

1) That U.S. Patent No. 5,598,138 is literally infringed.

---

[3] These include Fusilamp's Pre-Hearing Brief; Respondent's Pre-Hearing Brief; Fusi lamp's Expert Report of Timothy Crist on Infringement; Fusilamp's Expert Report on Validity; Expert Report and Disclosure of Beth Rubin; Littelfuse's Expert Report on Invalidity; Littelfuse's Rebuttal Expert Report on Invalidity; Expert Report of Neil J. Zoltowski With Respect to Damages; Fusilamp's Post-Hearing Brief; Respondent's Post-Hearing Brief; Fusilamp't Post-hearing Brief on Littelfuse's Belated Challenge to Arbitrability of Statutory Damages; Respondent's Responsive Supplemental Submission on Jurisdiction; Fusilamp's Posthearing Reply Brief on Littelfuse's Belated Challenge to Arbitrability of Statutory Damages; Fusilamp's Post-hearing Brief on Significance of Notice of Intent to Issue the Reexamination Certificate in Reexamination 3; Respondent's Submission of Significance of U.S.P.T.O's Notice of Intent to Issue a Reexamination Certificate; the exhibits in the Joint List of Exhibits submitted with the post-hearing briefs; and the relevant legal authorities supplied.

2) That Claims 7 and 17 of U.S. Patent No. 5,598,138 has not been proved by clear and convincing evidence to be invalid.

3) That Plaintiffs' were awarded damages for infringement of $350,570.64.

4) That Plaintiffs' claim for enhanced damages was denied.

5) That Plaintiffs' claim for attorney fees is granted in the amount of $79,179.50.

6) That Plaintiffs' are awarded costs and expenses in the amount of $123,541.67.

7) That the damage award (both actual and attorney fees) is to bear pre-award interest at 9% compounded annually.

8) The Tribunal dismissed the contract claims originally made by Claimants and Respondent on consent.

9) The Tribunal found it had jurisdiction over Littelfuse.

10) The Tribunal dismissed the false marking claim.

11) That Catalina has never appeared in arbitration, despite being the entity that moved this Court to refer the case to arbitration. The award was found to be applicable to it.

The FAA "imposes a heavy presumption in favor of confirming arbitration awards," *Riccard v. Prudential Ins. Co. of Am.*, 307 F.3d 1277, 1288 (11th Cir. 2002), and "federal courts should defer to an arbitrator's decision whenever possible." *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir.2010) (citation omitted). The Eleventh Circuit has described courts' confirmations of arbitration awards as "usually routine or summary." *Riccard*, 307 F.3d at 1288; *see also, B.L. Harbert International, LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir. 2006). "There is nothing malleable about 'must grant,' which unequivocally tells courts to

grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Frazier* 604 F.3d 1313, at 1322.

Because there are no grounds to vacate, modify or correct the Final Award as set forth in 9 U.S.C. §§ 10-11, confirmation of the Award is appropriate.

This petition is timely pursuant to 9 U.S.C. § 9 because it is filed within one year after the Final Award was made.

Pursuant to 9 USC §13, Respondent attaches hereto the final arbitration award as Exhibit A.

WHEREFORE, Plaintiffs' respectfully requests that this Court enter an order confirming the Final Award in accordance with 9 U.S.C. § 9, direct the clerk of this Court to enter judgment in favor of FUSILAMP, LLC and MIGUEL ANGEL GIANELLI and against LITTLEFUSE, INC, CATALINA PERFORMANCE ACCESSORIES INC, for infringement of the U.S. Patent No. 5,598,138 and damages in the amount of $350,570.64, attorney fees in the amount of $79,179.50, and costs and expenses in the amount of $123,541.67, in accordance with the Final Award; and

FURTHERMORE, Plaintiffs' respectfully requests that this Court enter an order confirming the Final Award in accordance with 9 U.S.C. § 9, direct the clerk of this Court to enter judgment for infringement of the U.S. Patent No. 5,598,138 in favor of FUSILAMP, LLC and MIGUEL ANGEL GIANELLI and against ADVANCED AUTO PARTS, INC., AUTOZONE, INC., and PEP BOYS–MANNY, MOE & JACK, INC, and reserves the right to seek discovery and a jury trial on monetary damages, attorneys fees and costs, and injunctive relief, and further relief as this Court deems just and proper.

| | |
|---|---|
| August 24, 2018 | Respectfully submitted, |

**EDAM LAW PLLC**
Attorneys for Plaintiff
Latitude One Offices
175 SW 7th Street, Suite 2410
Miami, FL 33130
Phone: 305-384-7370
Fax: 305-384-7371

**By: /s/ Edmar M. Amaya**
Edmar Amaya, LL.M., Esq.
Florida Bar No.: 63816
edmar.amaya@edamlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

**Jonathan Bart Morton**
**K&L Gates LLP**
Southeast Financial Center
200 S Biscayne Boulevard
39th Floor
Miami, FL 33131-2399
305-539-3357
Fax: 305-358-7095
Email: jonathan.morton@klgates.com
ATTORNEY FOR DEFENDANTS